CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* HICKEY.

Opinion delivered February 4, 1907.

| 81 | 579 |
| 185 | 251 |
| 81 | 579 |
| 187 | 311 |
| 188 | 175 |

1. ACTIONS—JOINDER OF CAUSES.—An action on behalf of the estate of a deceased person to recover damages for his negligent killing may, under Kirby's Digest, § 6079, be united with a similar action arising out of the same injury, brought on behalf of his widow and next of kin. (Page 587.)

2. AMENDMENT—WAIVER OF OBJECTION BY PLEADING OVER.—Objection to an amendment to a complaint that it sets up a separate cause of action is waived by filing an answer to it. (Page 587.)

3. APPEAL—INVITED ERROR.—Appellant can not complain of an instruction given at appellee's instance if appellant asked substantially the same instruction. (Page 588.)

4. CARRIER—STARTING TRAIN PREMATURELY—INSTRUCTIONS.—Where defendant railroad company, in a suit for negligently injuring a passenger by prematurely starting its train, asked an instruction that if defendant's conductor announced the departure of the train a sufficient length of time for the passenger to get aboard, and, not "knowing" that such passenger was in the act of boarding the train, caused it to start, then defendant would not be liable, it was not error to insert after the word "knowing" the words "or having no reasonable grounds to suspect," as the phrases are equivalent. (Page 588.)

5. SAME—REFUSAL OF INSTRUCTIONS.—In an action against a railroad company for injuries to a passenger caused by defendant's negligence in starting its train prematurely, causing the passenger to be thrown down and injured, it was not error to refuse to instruct that plaintiff was not entitled to recover if he stopped for certain purposes when by going directly to the train he could have got aboard before it started, notwithstanding the jury might have found that the train did not remain still a reasonable time, after the passengers were notified to get aboard, for all of them to do so, and notwithstanding there was evidence tending to prove that he was thrown to the ground by the train starting suddenly with a jerk while he was on the first or second step of the coach. (Page 589.)

Appeal from Saline Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*E. B. Pierce* and *Buzbee & Hicks,* for appellant.

1. The court erred in overruling appellant's motion to strike out the amendment to the complaint because (1) it set up a new and distinct cause of action which (2) did not exist at the time the original complaint was filed; (3) the facts stated

in the amendment were not material to the case set up in the original complaint; (4) the additional cause of action cannot be joined with that in the original complaint because (a) each kind of action does not affect all the parties to the action, and (b) both causes of action do not belong to one of the classes allowed to be joined. Kirby's Dig. § 6081; *Id.* § § 6285, 6289; *Id.* § 6079; 96 S. W. 143; 53 Ark. 117; 1 Enc. Pl. & Pr. 547; *Id.* 209; 23 Ark. 474; 34 Ark. 144; 61 Ark. 253; 59 Ark. 441; 36 Ark. 465; 75 Ark. 465; 7 S. E. 58; 10 S. E. 923; 114 Fed. 116; 1 L. R. A. 777; 49 L. R. A. 285; 52 *Id.* 414; 87 N. W. 743; 73 N. W. 1077; 13 Ky. 228; 48 N. W. 44; 19 So. 209.

2. A railroad company discharges its duty toward its passengers when it announces the departure of its train a sufficient length of time before starting it to enable the passengers by the use of reasonable diligence to get aboard, and the conductor has the right. when that time has elapsed, to presume without further inquiry that all who desired to take passage are aboard, and to start the train. 54 Ark. 28; 73 Ark. 548; 3 Thompson's Comon Law of Negligence § 2855; 24 Am. & Eng. R. R. Cas. (N. S.) 922 note; 47 *Id.* 533; 50 S. W. 580; 48 *Id.* 58; 8 So. 711; 7 S. W. 3; 33 Am. & Eng. R. R. Cas. 520; 21 *Id.* 374; 26 Id. 162; 15 S. E. 534; 50 Mo. App. 561; 18 Wis. 185; 20 Wis. 362; 71 Ga. 710; 8 So. 86.

An instruction telling the jury that it was the duty of the employees of defendant to exercise reasonable care in holding said train a reasonable time for Hickey to board, etc., imposed too great a duty on appellant.

Instruction numbered 7, given for appellee, imposed a duty on appellant not required by law, and left the jury to find facts not supported by the evidence. 74 Ark. 19; 79 Ark. 225. If the conductor had known of Hickey's lameness, he also had the right to presume that he would so time his movements as to get aboard within the time allowed for the stop, and appellant's employees were under no obligation to act as nurses or attendants upon him. 42 Miss. 607.

Conceding that the eighth instruction given for appellee is the law, still the issue was not fairly submitted to the jury because the court refused to give instructions as to what was or was not negligence in the movement or handling of appellant's

trains, or to tell them the effect of evidence showing a proper handling of its trains. ·69 Ark. 137; 90 S. W. 999; 96 S. W. 116.

3.  The verdict is not supported by the evidence; or, if it can be said that there is evidence to support.the verdict, it is so inconsistent, and unreasonable, and so completely contradicted both by testimony and physical facts as to make the˙ verdict clearly contrary to the weight of the evidence and to shock the sense of justice.   26 Ark. 310; 34 Ark. 632; 70 Ark. 385; 79 Ark. 608.

*Wood & Henderson,* for appellee.

1.  There was no error in refusing to strike out the amendment to the complaint.   23 La. Ann. 612; 36 Ark. 17; 11 Ark. 720; 26 Ark. 336; *Id.* 408; 42 Ark. 57; Kirby's Dig. § § 6145, 6148; 1 Enc. Pl. & Pr. 464; 60 Ark. 526; 58 Ark. 504; 90 Ala. 470; 120 Ind. 40; 13 Tex. 464; 21 S. W. 1011; 24 S. W. 533; 18 S. W. 734; 13 S. W. 34; 34 Tex. 478; 31 N. W. 656; 1 Enc. Pl. & Pr. *et seq.; Id.* 552.

If it should be held that the amendment was not proper, appellant waived its objection by answering instead of standing on its motion to strike.   30 Ark. 684; 65 Ark. 495; 44 Ark. 205; 43 Ark. 230; 1 Enc. Pl. & Pr. 573; 21 S. W. 851; 15 S. W. 981; 64 N. W. 673; 51 N. W. 10; 29 Atl. 462; 9 How. Pr. 193; 82 Cal. 604.

2.  If a railroad company knows, or by the exercise of reasonable care ought to know, that a passenger is in the act of getting on or leaving a train, and in such position as to be liable to suffer injury from the moving of the train, it is guilty of contributory negligence in causing the train to move.  6 N. W. 486; 8 So. 86; 6 N. E. 577; 46 Pac. 768; 29 Am. St. Rep. 719; 6 Cyc. 613; 5 Am. & Eng. Enc. of L. (2 Ed.), 577, 578; 73 Ark. 548; 75 Ark. 211.

There is sufficient evidence to support the verdict.

BATTLE, J.   On the 23rd day of May, 1902, L. H. Hickey, in his lifetime, commenced an action against the Choctaw, Oklahoma and Gulf Railroad Company, in the Garland Circuit Court. Plaintiff stated his cause of action as follows:

"On the 9th day of January, 1902, plaintiff was on one of defendant's trains on a through ticket from Memphis, in the

State of Tennessee, to the city of Hot Springs, in Arkansas, and while such a passenger the train upon which he was traveling stopped at Little Rock, Arkansas, for the purpose of allowing the passengers on the train to procure dinner.

"That plaintiff left said train for the purpose of procuring dinner, and upon his return to said train, and while in the act of boarding the same, while upon the first step leading into the coach on said train, the agents, employees and servants of defendants in charge of and operating said train, wrongfully, negligently, unlawfully and carelessly caused said train to move by a sudden jerk, which caused plaintiff to fall from said step violently to the ground and underneath said train; that plaintiff at the time was in the exercise of due care, and he was thrown or caused to fall from said step, before he was able to get upon said car in the manner and form as aforesaid, by the wrongful, careless, and negligent acts of the agents and employees of defendant in starting said train; that by said fall the plaintiff sustained severe personal injuries to his back and other portions of his body; that in falling he in some way rolled under the edge of the train as it was moving along, in such position that he could not get out from under said car while the same was in motion; that some bystander halloed at him to lie down close to the ground if he wished to save his life, which injunction he obeyed, and the entire train passed over him in that position; that plaintiff's position was such that, if he had moved in an effort to get out, some portion of the car would have caught his clothing, which would have evidently dragged him to death; that plaintiff realized this fact and remained in that position under the edge of the cars until the entire train passed over him; that plaintiff, during the time that said train was thus passing over him, expected every minute to be caught by some portion of the car and to be killed, and during such time he suffered untold mental agony and pain; that, by reason of the wrongful, careless and negligent acts of the defendant as aforesaid, plaintiff has been damaged in the sum of ten thousand dollars."

The defendant answered and denied the allegations of the complaint. On the 20th day of November, 1903, the issues in the case were tried in the Garland Circuit Court, and a verdict was rendered in favor of the plaintiff, which was set aside on a mo-

tion for a new trial.   Subsequently the plaintiff died, and the action was revived in the name of D. H. Hickey, as administrator of L. H. Hickey, deceased, and he filed an amendment to the complaint as follows:

"That the said L. H. Hickey died in the city of Lexington, and county of Fayette, in the State of Kentucky, on the 7th day of December, 1903, and that this plaintiff, D. H. Hickey, was duly appointed administrator of the estate of the said L. H. Hickey by the county court of said Fayette County, in the State of Kentucky, on the 21st day of December, 1903, a day of the December term, 1903, of said county court, and that he is now the duly appointed, qualified and acting administrator of the estate of the said L. H. Hickey, deceased; that the said L. H. Hickey left surviving him at his death, Ada Hickey, as a widow, and ——————— Hickey, his son and only heir; that the said ——————— Hickey at the time of the death of the said L. H. Hickey, was five years old; that the death of the said L. H. Hickey resulted from and was caused by the injuries received by him in falling from the train on the 9th day of January, 1902, in the manner as set out and stated in the complaint herein, and resulted by reason of the wrongful and negligent acts and conduct of the defendant and its employees, as stated in said complaint; that the death of the said L. H. Hickey was produced and brought about by the negligent acts and conduct of the defendant and its employees as set out in said complaint; that after receiving said injuries, the said L. H. Hickey continued to suffer excruciating pain, both of body and mind, as stated in said complaint, and the amendment thereto filed on November 19, 1903, until the 7th day of December, 1903, when he died.

"That in the month of May, 1902, soon after said injuries were received by the said L. H. Hickey, he became paralyzed therefrom and totally blind, as stated in his said amended complaint filed November 19, 1903, and remained in that helpless condition, suffering and languishing, until the time of his death; that during the lifetime of the said L. H. Hickey, and prior to the receipt of said injuries, he was an active, industrious man, a devoted father and husband; that he provided for his family a comfortable home and furnished them with all things necessary for their pleasure and happiness in life; that he was a man of

good moral habits, and devoted all of his earnings to the benefit of his said wife and child; that by the death of said L. H. Hickey the said widow and child have been damaged in the sum of ten thousand dollars.

"Wherefore plaintiff prays judgment against the defendant herein in the sum of ten thousand dollars as damages resulting to the estate of the said L. H. Hickey, and the further sum of ten thousand dollars as damages for the benefit of the said widow and child."

The defendant moved to strike the amendment from the files of the court, because it sets up a cause of action which cannot be joined with that in the original complaint. On the 19th day of June, 1905, this action was taken by change of venue, on motion of the defendant, to Saline County. On the 12th of September, 1905, the motion to strike amended complaint from the files was overruled by the Saline Circuit Court, and the defendant saved exceptions. An answer to the amendment to the complaint was thereupon filed by the defendant, specifically denying each allegation thereof.

Evidence was adduced by the plaintiff in the trial in the action, which tended to prove, substantially, the allegations in his complaint; and the defendant adduced evidence to prove the contrary.

The court instructed the jury, over the objections of the defendant, at the request of the plaintiff, in part as follows:

"6. If you find from the evidence that the deceased, Hickey, was a passenger on defendant's train from Memphis to Hot Springs, and while such passenger he left the train at Little Rock for the purpose of getting dinner at the place provided for passengers to get meals, and for changing cars for Hot Springs, then it was the duty of the employees of defendant in charge of its Hot Springs train to exercise reasonable care in holding said train a reasonable time for said Hickey to board said train after announcing that the train was ready to depart; and if you find from the evidence that said employees failed to hold said train a reasonable time for said Hickey to board it after announcing 'All aboard,' but negligently started said train while said Hickey was in the act of boarding the same, and was on the first or second step leading to the platform of one of the passenger

coaches and in a position likely to be injured, and that he was thrown or caused to fall from said train by such starting, and was injured thereby, you will find for the plaintiff.

"7. Whether or not the servants of defendant in charge of its train used reasonable care toward the deceased, Hickey, depends on all the circumstances surrounding the parties at the time of the accident. If said Hickey was lame, and his motion was retarded on that account, and his condition was known to the servants of the defendant in charge of the train, then that fact should be considered by the jury in determining whether or not they exercised reasonable care towards him.

"8. If you find from the evidence that the deceased, Hickey, fell from defendant's train by reason of the moving or running of said train, and was injured thereby, then the presumption is that said Hickey received said injury on account of the negligence of defendant."

And gave the following at the instance of the defendant:

"2. You are instructed that it was the duty of the defendant to announce the departure of its trains a sufficient length of time to enable the deceased in the exercise of reasonable diligence to get aboard same before it started, and it was the duty of the deceased, upon hearing such announcement, to use reasonable diligence to get aboard said train before it started.

"7. If you find from the evidence that deceased was thrown to the ground by the movement of the train, and that defendant was not negligent in starting the train at the time defendant did, then you cannot find for the plaintiff unless you find that said movement by which deceased was thrown to the ground was negligent and unnecessary in the handling of said train.

"10. If you find from the evidence that defendant's conductor announced that defendant's train was ready to depart by calling 'All aboard,' or in any other manner, and that plaintiff, after hearing said announcement, failed to use ordinary diligence to get aboard said train, and was injured by attempting to get on said train after it had started, then he was guilty of contributory negligence, and cannot recover..

"13. If you find from the evidence that deceased was guilty of negligence or want of ordinary care which contributed in any manner to produce his injury, then he cannot recover in this

case; and in determining this question you may take into consideration deceased's physical condition at the time.

"15.   Before the plaintiff can recover, he must show by a preponderance of the testimony that the condition and death of deceased, which he alleges was the result of said accident, was caused thereby; and if he failed to establish this fact by a preponderance of the evidence, he cannot recover.

"17.   If you find that Hickey failed to use due diligence to get aboard the train after the announcement of 'All aboard' was given, but after the train started attempted to board same, and was injured thereby, then he was guilty of contributory negligence, and plaintiff cannot. recover."

And gave instructions asked for by defendant, after modifying them by interlining them with the words in brackets, as follows:

"4.   If defendant's conductor announced the departure of its train a sufficient length of time before starting for deceased to conveniently get aboard the same, and without any fault of defendant's servants he failed to do so, and the conductor, not knowing [or having no reasonable grounds to suspect] that he was in the act of boarding the train, caused the train to start while he was so attempting to board it, then the defendant would not be liable.

"5.   If the defendant's conductor announced the intended departure of defendant's train a sufficient length of time before starting for deceased by the use of ordinary diligence to have got aboard, then it was not incumbent upon him to make separate inquiry of persons about the depot as to whether or not they intended to take passage on the train, but he had the right to start said train unless he knew [or had reasonable grounds to suspect] that the deceased was endeavoring to board same.

"6.   If you find that, before the train started on which deceased intended to take passage, defendant's agents gave him notice that the train was about to depart and in time for him to have got on it by the exercise of reasonable diligence, and those in charge of the train did not know [or had no reasonable grounds to suspect] that he had not yet got aboard, then they had a right to presume that he was on the train."

And refused to give the following instructions which were requested by the defendant:

"9. If you find that defendant's train was started in a careful and cautious manner, and without any jerk or jar other than that incident to the proper handling of trains, then the defendant will not be liable to plaintiff for injuries caused thereby.

"12. You are instructed that defendant was under no obligation to hold its train for deceased to purchase cigars and attend to other private matters; and if he stopped for such purposes, when by going direct to the train he could have got aboard the same before it started, then he was guilty of negligence, and plaintiff can not recover.

"14. If you believe from the evidence that deceased had got on the first or second step of defendant's train, and was injured by the starting thereof, this would not entitle him to recover, if it also appears that the train was started in a careful and prudent manner, and that the injury was caused by the motion usually and ordinarily incident to the movement of passenger trains."

The jury returned a verdict for plaintiff for the estate for $2,000, and for the widow and next of kin for $3,000; and the defendant appealed.

There was no misjoinder of causes of action in the complaint and amendment. The statute provides: "Several causes of action may be united in the same complaint where each affects all the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and all belong to one of the following classes:

*          *          *          *          *          *          *          *

"Sixth. Claims arising from injuries to person and property." Kirby's Digest, § 6079. The causes of action in this case affect all the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and are claims arising from injuries to the same person; and come within the letter and spirit of the statute.

While the second cause of action could not have been brought into this action by an amendment without the consent of the defendant, it (defendant) waived all objections to the same by answering. *Thompson* v. *Brazile,* 65 Ark. 495; *Holt*

*County* v. *Cannon,* 114 Mo. 514; *Witkowski* v. *Hern,* 82 Cal. 604; 1 Enc. Pl. & Pr. 573, and cases cited. "The filing of the amendment setting up an entirely separate and distinct cause of action, and the answer to it of appellant, were equivalent to, and not distinguishable from, the bringing of a new action." "In answering" the appellant "entered his appearance, and waived summons. The same result was reached as would have been accomplished had a new and original complaint been filed. In that case the appellant could have entered its appearance, as it did, and waived summons, "and the same end would have been obtained as was reached by the filing of the amendment. The legal effect of the two proceedings is the same." *Wood* v. *Wood,* 59 Ark. 446.

Appellant objects to the instruction given at the request of appellee numbered 6 because it "told the jury that it was the duty of the employees of defendant in charge of its train to exercise reasonable care in holding said train a reasonable time for said Hickey to board," etc. Instruction numbered 2, given at the request of appellant, told the jury substantially the same thing. It cannot complain on this account.

Appellant's objection to the instruction numbered 7 given at the request of plaintiff is the last sentence. The court did not tell the jury what effect to give to the facts mentioned therein, but that they should consider them in determining whether or not defendant's servants exercised reasonable care towards Hickey. Their effect was necessarily controlled and determined by other instructions. The instruction numbered 7 given at the request of the defendant obviates any valid objection to instruction numbered 8 given at the request of the plaintiff.

The modifications of instructions numbered 4, 5 and 6, given at the request of defendant, did not affect their legal effect. "Not knowing," "or having no reasonable grounds to suspect," "knew," or "know," "or had reasonable grounds to suspect," are legal equivalents.

The requests of the defendant for instructions numbered 9 and 14 were properly refused by the court. They deny to plaintiff the right to recover under any circumstances, even though the train was started before a reasonable or sufficient time had been allowed to get aboard; and so far as correct or applicable they are covered by other instructions.

The request of the defendant numbered 12 was properly refused. It denied to plaintiff the right to recover if he stopped for certain purposes when by going directly to the train he could have got aboard of it before it started, notwithstanding the jury might have found that the train did not remain still a reasonable time, after the passengers were notified to get aboard, for all of them to do so, and notwithstanding there was evidence tending to prove that he was thrown to the ground by the train starting suddenly with a jerk while he was on the first or second step leading to the platform of one of the passenger coaches. It makes the right of plaintiff to recover to depend entirely and exclusively upon two facts specified therein.

The evidence, though unsatisfactory, was sufficient to sustain the verdict.

Judgment affirmed.