[Brock & Spight, et al. v. Oliver.]

# Brock & Spight, *et al.* *v* Oliver.

*Bill to Declare a Mortgage a Preferential Payment.*

(Decided March 2, 1907.　43 So. Rep. 357.)

1. *Equity; Jurisdiction; Adequate Remedy at Law.*—Chancery is without jurisdiction to grant relief against a mere preferential payment where the trustee has not exhausted his remedy at law.

2. *Bankruptcy; Fraudulent Transfer; Action to Set Aside.*—The bill averred that a certain mortgage was fraudulently given and that the said mortgage had been fully paid on and discharged before the filing of the bill. Held, a bill to declare a fraudulent preference was not maintainable as a bill to set aside a fraudulent conveyance or transfer under section 818, Code 1896, as the mortgage was functus officio.

Appeal from Morgan Chancery Court.

Heard before Hon. W. H. Simpson, Chancellor.

Bill by C. A. Oliver, as trustee in bankruptcy, against Brock & Spight and others. From a decree in favor of plaintiff, defendants appeal.

The bill in this case was filed by Oliver, as trustee in bankruptcy for B. A. Nichols, whom the bill alleges was adjudged a bankrupt on February 15, 1904. The bill alleges an execution of a mortgage by Nichols to Brock & Spight, covering all of his property except his merchandise, and assignment by said mortgage of a large number of his notes, mortgages, and choses in action, and in the year 1903 a chattel mortgage on all his notes and mortgages given for supplies furnished; including all the accounts and notes not included in a list furnished said Brock & Spight the previous year. It is alleged that the mortgage recited an indebtedness of $2,000, which was not then owing and was to fall due October 15, 1903, and was designed to cover every debt that might accrue to Nichols through sales of merchandise and otherwise, and every other article than merchandise, yet allow Nichols the unrestrained use, dispo-

sition, collection, and enjoyment of the proceeds. It is alleged that Nichols paid but little, if any, of his indebtedness, except to Brock & Spight- but instead added to his liability ,and yet paid said Brock & Spight a large amount in excess of their said mortgage. The amounts and dates of the payment are set out in the bill and it is alleged that they were all made within the four months prior to the declaration of bankruptcy. It is also alleged that the estate is insolvent and the already proven debts are greatly in excess of the assets of the estate. Motion was made to dismiss the bill for want of equity, and demurrers were interposed to the bill. The motion and demurrers were overruled, and from this decree this appeal is prosecuted.

MARVIN WEST, for appellant.—Advances made in good faith to a debter to carry on business on security taken at the time do not violate either the terms or the policy of the bankrupt act.—*Darby v. Boatman,* 1 Dillon 141; 5 Cyc. 289. Payments made by the debtor at various times to one who has made advances to an insolvent debtor, not knowing of his insolvency to enable him to carry on his business are not preferential under the bankrupt act.—*Jaquith v. Alden,* 189 U. S. 78.

W. T. SANDERS and E. W. GODBY, for appellee.—The destruction of the mortgaged choses, and the dissipation and confusion of the proceeds, rendered the creditors merely creditors without a lien.—*Iron & Supply Co. v. Rolling Mill Co.,* 11 Am. Bankruptcy Rep. 202; 125 Fed. Rep. 974; *American Lumber Co. v. Taylor,* 14 Am. Bankruptcy Rep. 231; 137 Fed. 321.

The mere fact that Nichols was insolvent conclusively shows a preference; and knowledge of the insolvency is reasonable *cause* to believe a preference was intended, whether they did believe it or not.—*Toof v. Martin,* 80 U. S. 40; 20 L. Ed. 483; *Buchanan v. Smith,* 83 U. S. 310; 21 L. Ed. 286; Collier on Bankruptcy, 5th Ed. 459; Lovelady on Bankruptcy, 468; *In Re Virginia Hardwood Mfg. Co.,* 15 Am. Bankruptcy Rep. 138; 139 Fed. 209.

It is immaterial whether the debtor actually intended any preference or not—*infra,* 9-10; *Western T. & T. Co. v. Brown,* 12 Am. Bankruptcy Rep. 116; 129 Fed. Rep. 728; *Piric v. Chicago T. & T. Co.,* 182 U. S. 438; *Benedict v. Deshel,* 11 Am. Bankruptcy Rep. 25; 177 N. Y. 1; Collier on Bankruptcy, 5th. Ed. 459-460; *In Re Phillip Jacobs,* 1 Am. Bankruptcy Rep. 524.

Trustee need not represent claims older than preferential payments.—Collier on Bankruptcy (5th Ed.) 461; *Anniston Case, supra; In Re Marine Construction & D. D. Co., supra;* Bankrupt Act, Sect. 60, subdivision B; *Beers v. Hanlin,* 3 Am. Bankruptcy Rep. 746. The retention, use, collection and conversion of the mortgaged property by the debtor, as well as the commingling of the whole, rendered the mortgage fraudulent, *infra* 13-16; *In Re Marine Const. & D. D. Co.,* 14 Am. Bankruptcy Rep. 475, 130 Fed. 446; *Means v. Dowd,* 128 U. S. 273; 32 L. Ed. 435.

The power over use and enjoyment of the mortgaged property, by the mortgagor, determines the fraudulent character of the instrument, wholly apart from the property itself.—*In Re Marine Const. & D. D. Co., supra; Christian & Craft Gro. Co. v. Michael,* 25 So. Rep. 573; *Cross v. Berry,* 31 So. Rep. 36; *Bank v. McDonnell,* 87 Ala. 743; *Robinson v. Elliott,* 89 U. S. 513, 22 L. Ed. 763. The mortgage was fraudulent even as to subsequent creditors (and on this further ground it is immaterial whether trustee represented those to whom an indebtedness had accrued when preferential payments were made or not.—*Cross v. Berry,* 31 So. Rep. 36, 14 Ala| 84; *Christian, etc. v. Michael,* 25 So. 573, 32 Ala. 92; *McDermott v. Ebon,* 90 Ala. 261.

Equity is the forum for redress, recovery of preferential payments and annullment of mortgage.—*Bardes v. Bank,* 44 L. Ed. 1181, 178 U. S. 531; Collier on Bankruptcy, 461-462 (5th Ed.); *Wright v Skinner,* 14 Am. Bankruptcy Rep. 501-502, 136 Fed. 694; Loveland on Bankruptcy, pages 488-489.

ANDERSON, J.—The sole purpose of this bill is to have certain payments made by the bankrupt declared preferential and void under the bankrupt act. The

[Brooke v. Tucker.]

chancery court is without jurisdiction to grant relief against a mere preference at the instance of one who has not exhausted his remedy at law.—*Redd v. Wallace*, 145 Ala. 209, 40 South. 407. The bill does not bring this case within the influence of section 818 of the Code of 1896, as it in no sense seeks to set aside a fraudulent conveyance or transfer. It does aver that a mortgage was fraudulently given, but also shows that the mortgage was fully paid and discharged before the bill was filed, and is therefore functus officio.

The chancellor erred in not dismissing the bill for want of equity, and the decree is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.