(85 South. 413)

## PEOPLE'S BANK OF MOBILE v. McALEER.
### (1 Div. 95.)

(Supreme Court of Alabama. Jan. 22, 1920. Rehearing Denied Feb. 12, 1920.)

I. **Bankruptcy** ⬅️287(3) — **Law affords adequate remedy to trustee in bankruptcy to recover preferences.**

An action at law affords an adequate remedy to a trustee in bankruptcy suing to recover money paid by the bankrupt within four months of the filing of his petition, so as to constitute the payment a preference, and a court of equity is without jurisdiction.

2. **Bankruptcy** ⬅️287(3)—**Preference belongs to trustee and he may sue for money received.**

If a payment was made under circumstances constituting it a preference within the meaning of the Bankruptcy Law, the money so paid, at the election of the trustee to avoid the payment, ex æquo et bono, belongs to the trustee as a part of the bankrupt's estate for equal distribution among his creditors, and an action for money had and received affords an adequate and complete remedy for its recovery.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Bankruptcy ⬅☞166(1)—Preference depends on intention and reasonable cause to believe.**

Under Bankruptcy Act, § 60b, as amended by Act Cong. June 25, 1910, § 11 (U. S. Comp. St. § 9644), the intention of an insolvent debtor to prefer a creditor, and reasonable cause on the part of the creditor to believe that the payment and transfer were intended as a preference, are essential elements of the burden of proof resting on a trustee in bankruptcy undertaking to avoid a transfer or payment alleged to be a preference.

**4. Bankruptcy ⬅☞166(4)—What is reasonable cause to believe preference was intended.**

As a foundation for reasonable cause to believe that a preference was intended, within the meaning of the Bankruptcy Act, § 60b, as amended by Act Cong. June 25, 1910, § 11 (U. S. Comp. St. § 9644), it is essential that it be shown, in an action by a trustee, to avoid a transfer or payment, that the creditor had knowledge or notice of the insolvency, that is, that the creditor had knowledge or information of such facts and circumstances as were calculated to put a reasonably prudent person on inquiry, which, if followed up, would lead to knowledge of the debtor's insolvency.

**5. Bankruptcy ⬅☞304—Instruction as to knowledge of intent to prefer erroneous, where word "knew" might mean "notice."**

In an action by a trustee in bankruptcy to avoid an alleged preference, the court erred in charging that, "in order to recover in this case, * * * the plaintiff should show that the defendant knew that H. was insolvent," was erroneous; charge being subject to the construction that the word "knew" as used therein comprehended "notice," and relieved the trustee of the burden of showing either notice or knowledge.

**6. Trial ⬅☞243—Contradictory charge in action by trustee in bankruptcy held erroneous.**

In an action by a trustee in bankruptcy to avoid an alleged preference, a charge given at the instance of the plaintiff regarding knowledge or notice of an intended preference on the part of the creditor *held* erroneous, as being contradictory of the oral charge, as well as self-contradictory.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by V. B. McAleer, as trustee in bankruptcy, against the People's Bank of Mobile to recover a sum of money alleged to have been paid to the bank by Henry C. Meyer, bankrupt. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

See, also, 202 Ala. 256, 80 South. 94.

Charge 4 is as follows:

"The court charges the jury that if Henry C. Meyer has been adjudged a bankrupt, and the plaintiff has been appointed and qualified as the trustee of the bankrupt estate, then it is not necessary, in order to entitle the plaintiff to recover in this case, that he should show that the People's Bank knew that Henry C.

Meyer was insolvent, and that the payment to the bank which is complained of would operate as a preference to the bank, but all that is necessary that the plaintiff should show is that Henry C. Meyer was insolvent, whether the bank knew of it or not, and that, being insolvent, he made a payment to the bank within four months before the filing of the petition to be adjudged a bankrupt, and that the effect of this payment was to enable the bank to obtain a greater percentage of its debt than any other creditor of the same class could obtain of the debt due to them, and that the bank at the time of receiving the payment had reasonable cause to believe that the payment would effect a preference to it."

Inge & Kilborn, of Mobile, for appellant.

The state court was without jurisdiction. Section 60b, Bankruptcy Act. Charge 4 was improperly given. 171 Ala. 368, 54 South. 635; sections 60a and 60b, Bankruptcy Act. The plaintiff must show that the payment operated as a preference, and to do so must not only show the payment, but also the dividend to be received by insecure credit. (D. C.) 113 Fed. 110; 1 Loveland on Bankruptcy, 1016. The defendant was entitled to affirmative instructions. 116 Va. 506, 82 S. E. 192; (D. C.) 113 Fed. 545; 59 Atl. 472; 83 Ark. 324, 103 S. W. 626; 108 U. S. 74, 2 Sup. Ct. 219, 27 L. Ed. 640; 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313; (D. C.) 220 Fed. 985.

Harry T. Smith & Caffey, of Mobile, for appellee.

There was no necessity for alleging the name of the agent through whom the corporation acted. 119 Ala. 588, 24 South. 836, 72 Am. St. Rep. 949; Id., 615, 24 South. 558, 72 Am. St. Rep. 955; 123 Ala. 245, 26 South. 349; 142 Ala. 119, 37 South. 796. As to the form of the action and the forum, the counsel cite 1 Remington on Bankruptcy, 1034; 134 Ala. 368, 32 South. 738; 180 Ala. 145, 60 South. 799; Brandenburg on Bankruptcy, 445; 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414. Charges 2 and 4 were properly given. 202 Ala. 256, 80 South. 94. Counsel discuss the rulings as to evidence, but, in view of the opinion, it is not deemed necessary to here set them out. On rehearing counsel cite, as to charges, 81 Ala. 140, 1 South. 773; 84 Ala. 527, 4 South. 658; 202 Ala. 244, 82 South. 82, insisting that the latter case does not support the holding of the court.

BROWN, J. This is an action by appellee, suing as trustee in bankruptcy, to recover a sum certain alleged to have been paid by the bankrupt within four months of the filing of his petition in bankruptcy to the appellant, one of his creditors, in extinguishment of an unsecured debt, and under circumstances alleged to constitute the payment a

preference within the meaning of the Bankruptcy Law.

[1] In such cases an action at law affords adequate remedy, and a court of equity is without jurisdiction. Brock v. Oliver, 149 Ala. 93, 43 South. 357; Warmath v. O'Daniel et al., 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414; 3 R. C. L. 283, § 110.

[2] If the payment was made under circumstances constituting it a preference within the meaning of the Bankruptcy Law, the money so paid, at the election of the trustee to avoid the payment, ex æquo et bono, belongs to the trustee as a part of the bankrupt's estate for equal distribution among his creditors, and the action for money had and received affords an adequate and complete remedy for its recovery. L. & N. R. R. Co. v. Camody (App.) 82 South. 648, and authorities there cited.

On the former appeal it was held:

"To entitle the plaintiff to recover, he must first show that at the time of the transfer the bankrupt was insolvent, as that word 'insolvent' is understood to mean in the Bankruptcy Act; that is, that a fair valuation of the bankrupt's property was insufficient in amount to pay his debts, and further that the payment operated as a preference in favor of the bank, and that the bank had reasonable cause to believe that the enforcement of the payment would effect a preference." McAleer v. People's Bank, 202 Ala. 256, 80 South. 94.

[3, 4] Prior to the amendment of the Bankruptcy Law by the act of Congress approved June 25, 1910 (36 U. S. Stat. at Large, p. 842), the intention of the insolvent debtor to prefer the creditor, and reasonable cause on the part of the creditor to believe that the payment and transfer were intended as a preference, were essential elements of the burden of proof resting on the trustee undertaking to avoid the transfer. As a foundation for reasonable cause to believe that a preference was intended, it was essential that it be shown that the creditor had knowledge or notice of the insolvency, that is, that the creditor had knowledge or information of such facts and circumstances as were calculated to put a reasonably prudent person on inquiry, which, if followed up, would lead to knowledge of the debtor's insolvency. Herzberg v. Riddle et al., 171 Ala. 375, 54 South. 635; 7 Corp. Juris, p. 150, § 248; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 South. 190; Tompkins v. Henderson Co., 83 Ala. 391, 3 South. 774; Cleveland Woolen Mills Co. v. Sibert, Ward & Co., 81 Ala. 140, 1 South. 773.

The Bankruptcy Law as amended by the act of 1910 provides that—

"The person receiving it [the preferential payment or transfer] or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference." 36 Stat. at Large, supra; Bankruptcy Act, § 60, subd. b (U. S. Comp. St. § 9644).

It is obvious, therefore, that, as a foundation for reasonable cause to believe that the transfer will effect a preference, the creditor at the time of the payment must have notice or knowledge of the debtor's insolvency. In a recent case it was said:

"It is, of course, well recognized in cases of this character that to charge a purchaser of crops from a tenant, it is not necessary that he should have actual notice of the landlord's lien; for, if he has knowledge of facts sufficient to excite inquiry, or knowledge of facts which would naturally and reasonably be calculated to arouse suspicion of the main fact—notice of which is sought to be charged to him—the duty of inquiry exists, and he must exercise it." Street v. Treadwell, 203 Ala. 68, 82 South. 28; Foxworth v. Brown, 114 Ala. 299, 21 South. 413.

See, also, 7 Corp. Jur. 150, § 248. For the purpose of establishing the defendant's liability and the plaintiff's right to recover, notice to the creditor of the debtor's insolvency is the legal equivalent of knowledge of the insolvency. Street v. Treadwell, supra; Choctaw, O. & G. R. Co. v. Hickey, 81 Ark. 579, 99 S. W. 839.

In dealing with this phase of the case, the trial court instructed the jury as follows:

"Now, in order to enable the plaintiff to recover in this case, the evidence must establish to your reasonable satisfaction that at the time of this payment to the bank, and it is not denied there was such a payment, that the bankrupt was insolvent, that is, insolvent within the meaning given the word by the Bankruptcy Act, that his property at a fair valuation was insufficient to pay his debts. The evidence must further reasonably satisfy you that the payment operated as a preference in favor of the bank. By preference is meant that it enabled the bank to receive a greater percentage on its debt than Meyer's other creditors of the same class that were unsecured—this was an unsecured debt—and that the bank had reasonable cause to believe that Meyer was, at the time of the payment, insolvent, and that the bank receiving the money would be preferred. The requirement as to the degree of notice or knowledge is that they should have reasonable cause to believe it. The court instructs you that it is not necessary that the bank at the time of the payment should have had positive or direct knowledge that Meyer was insolvent and that the payment would operate as a preference in favor of the bank. All that is necessary for the plaintiff to show in this connection is that the bank, or its agent acting for it in the transaction, had reasonable cause to believe that the payment would operate as a preference, that is, knowledge or notice of such facts and circumstances then existing which would lead a reasonable and prudent man to believe that Meyer was insolvent, and that the payment

would operate as a preference in favor of the bank, by enabling it to receive a greater percentage of its debt than the other unsecured creditors of Meyer."

Following this instruction, the court, at the instance of plaintiff (appellee here), gave the following charge:

"The court charges the jury that it is not necessary, in order to recover in this case, that the plaintiff should show that the defendant knew that Henry C. Meyer was insolvent."

In Street v. Treadwell, supra, the court in dealing with the word "knew," as it relates to the question of notice or knowledge, said:

"It seems to be conceded by counsel that, to establish liability in a case of this character, it must be shown that the defendants had *notice or knowledge* of the plaintiff's lien. The original complaint was entirely silent in this respect. The assignment of demurrer taking this point uses the language, 'It does not appear from said complaint that the defendants *knew* of plaintiff's lien,' and the argument is made that this was insufficient, in that it should have said '*knew of or had notice of plaintiff's lien*,' and therefore the demurrer should not have been sustained. * * * We are of the opinion that the court construed the language 'knew of plaintiff's lien,' set out in the assignment of demurrer, as meaning and indicating that the defendants *knew of such lien in law;* that is, such knowledge, either actual or constructive, as is required in cases of this character to rest liability upon the defendants. So construing the language of the demurrer, we are of the opinion the court cannot be put in error for its ruling thereon." (Italics supplied.)

See, also, Southern Ry. Co. v. Bryan, 125 Ala. 297, 28 South. 445.

[5, 6] Applying what was said in that case to the special charge, it is subject to the construction that the word "knew," as used therein, comprehended notice, and relieved the plaintiff of the burden of showing either notice or knowledge of the bankrupt's insolvency at the time the payments were made. When so construed, it is in conflict with the instructions embodied in the oral charge of the court, and should have been refused. Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 South. 4. Charge 4, given at the instance of the plaintiff, was contradictory of the oral charge, as well as self-contradictory, and the court erred in giving it. Vidmer v. Lloyd, 184 Ala. 153, 63 South. 943; Carter v. Fulgham, 134 Ala. 238, 32 South. 684; Southern Ry. Co. v. Penney, 164 Ala. 188, 51 South. 392.

Assignments of error predicated on the rulings of the court in the admission and exclusion of evidence are without merit, and the affirmative charge requested by the defendant was properly refused. McAleer v. People's Bank, supra.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes