143 So. 460

## TYSON v. WINTER.
### 5 Div. 117.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied Oct. 13, 1932.

C. E. Fuller, of La Fayette, for appellant.

Will O. Walton, of La Fayette, for appellee.

**BROWN, J.**

Action on the case by appellee against appellant for negligently running an automobile upon or against plaintiff's cow. The case was submitted to the jury under the second count of the complaint, and it is urged that this count is indefinite in its averments as to the place of the injury. If it be conceded that the count is subject to this criticism, and that the demurrer thereto should have been sustained, yet it appears from the complaint itself, and the undisputed evidence, that the defendant was personally present at the time and place of the collision, and no injury resulted to him from this ruling. Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

Defendant's plea 2 alleges that: "The plaintiff was *guilty of negligence* that proximately contributed to the injury complained of in this, that plaintiff permitted said cow, alleged to have been injured *together with a number of other cattle* unattended by a keeper or other person, to be upon a public highway, in a stock law district, and that said alleged injuries were *proximately caused by such negligence* of the plaintiff in permitting said cow to be upon said highway where defendant was driving his automobile," etc. (Italics supplied.)

Plea 3 avers that the "injury was the result of an unavoidable accident on the part of this defendant *and was caused proximately by said cow having been hooked by another one* of plaintiff's cows and being thereby pushed in front of and against defendant's moving automobile, *and that defendant did all in his power to avoid striking said cow but was unable to do so.*" (Italics supplied.)

Under the evidence the question as to whether or not defendant was guilty of negligence was for the jury.

Charge 5, refused to defendant, assumed that the facts hypothesized therein constituted contributory negligence and was invasive of the province of the jury. Garing v. Boynton et al. (Ala. Sup.) 138 So. 279; [1] Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Smith v. Louisville & N. R. Co., 219 Ala. 679, 123 So. 57; Mobile Light & R. R. Co. v. Forcheimer, 221 Ala. 139, 127 So. 825.

There is no merit in appellant's contention of fatal variance between the averments and proof as to the time of the injury, and moreover the question was not raised on the trial as required by rule 34 of Circuit Court Practice (Code 1922, vol. 4, p. 906).

[1] 224 Ala. 22.

We have examined the several rulings on evidence and find nothing therein that requires treatment.

There is no reversible error on the record. Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

