26 So.2d 200

### MONTGOMERY CITY LINES, Inc., v. SCOTT.

3 Div. 440.

Supreme Court of Alabama.

May 16, 1946.

Steiner, Crum & Weil, of Montgomery, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, and Holley, Milner & Holley, of Wetumpka, for appellee.

SIMPSON, Justice.

The appeal is from a judgment granting plaintiff a new trial, based on the giving of an erroneous charge requested by defendant, Montgomery City Lines, Inc.

The charge (12) is: "The Court charges the jury that it was the duty of the plaintiff in walking upon or across the street at the time and place of the accident, herself to use due care and caution to avoid injury *and to be on the lookout for moving vehicles approaching,* and if she negligently and thoughtlessly walked into the side of the moving bus, or in front of and in dangerous proximity to the moving bus, and thereby proximately contributed in any degree, however slight, to her hurt, then she would not be entitled to recover in this case; and in that event you should return a verdict for the defendant."

The criticism against the charge is that the emphasized clause erroneously pretermitted an inquiry by the jury of the negligence, vel non, of the plaintiff if she failed "to be on the lookout for moving vehicles approaching" and declared such conduct to be negligence per se.

Appellant rests its claim for reversal on the insistence that (1) if so construed, the charge was correct as applicable to the proven facts, and (2) even if erroneous, no injury intervened by giving it.

■ On a careful consideration in consultation, the court has concluded that the judgment granting the new trial must be affirmed. It is the opinion of the writer, concurred in by Mr. Justice Livingston, that a correct grammatical construction of the charge subjects it to the stated criticism and instructs the jury of the plaintiff's duty, as a matter of law, to be on the lookout for all moving vehicles approaching, and takes away from them the right to determine whether a failure to comply with such duty would, under the circumstances, be negligence. The other justices are uncertain of this construction, but view the charge as clearly misleading to this end, resulting in the same conclusion of affirmance as hereafter indicated.

■ The general rule is that a pedestrian is not required as precedent for recovery to keep a special lookout for vehicles when crossing a city street, but is only enjoined to exercise due care under the circumstances. And whether or not the omission to do so exhibited a want of such care is a question of fact for the jury to determine. Shafer v. Myers, 215 Ala. 678, 112 So. 230; Adler v. Martin, 179 Ala. 97, 59 So. 597; W & W Pickle & Canning Co. v. Baskin, 236 Ala. 168, 181 So. 765. See also 79 A.L.R. 1082, notes a and b.

It is argued with much force, first, that the accepted doctrine can not be invoked under the proven circumstances of the case, and, second, that even if that position be unsound there was no injury in giving the charge, because of other good charges given and because no other conclusion was open to the jury, anyway, except the verdict returned (for defendant).

■ Giving due and impartial consideration to this argument, we are persuaded that the case does not exclude application of the general rule adverted to above and

that, for the instruction (whether erroneously or misleadingly) to impute negligence to plaintiff, as a matter of law, for failing to keep a special lookout (for, including appellant's, moving vehicles) and thereby preclude a determination by the jury of whether or not such conduct was negligent under the circumstances, was not only error, but injurious.

A sufficient reason, others not considered, is that the charge in so instructing the jury entirely ignored the plaintiff's evidence that the bus approached, from rear-ward, the pedestrian cross-way where she was walking and struck her unawares as it turned on the red signal light into the street she was crossing, without giving any warning of its approach.

■ The plaintiff, crossing on a green light in the lawful use of the street, was under no extreme duty, as a matter of law, to keep a lookout to the rear for approaching vehicles (W & W Pickle & Canning Co. v. Baskin, supra; 79 A.L.R. 1091, note V), and the charge, in withdrawing from the jury the right to determine whether or not, under the described situation, she was negligent in failing to keep such lookout, in effect, ignored this theory of the case. In so doing the charge was rendered improper. Lambert v. Birmingham Electric Co., 244 Ala. 333(2), 13 So.2d 579; Montgomery Light & Traction Co. v. Harris, 197 Ala. 358(5), 72 So. 619.

■ For the same reason to give it was injurious. It was the duty of the bus driver in turning into the street over which plaintiff was walking, as described by her, to "give a clearly audible signal by sounding the horn" (Code 1940, Title 36, § 17) and if the jury should have credited her evidence, it was open to them to have concluded against defendant for its negligence in the violation of this duty and in her favor on the issue of her alleged contributory negligence in failing to look for the approaching bus. The charge pretermitted the possibility of either decision and was therefore prejudicially erroneous.

■ Should we adopt the construction that, at most, the charge was merely misleading, a reversal would still be unwarranted in view of the favorable presumption attending the ruling of the trial court. By granting the new trial, the misleading and injurious tendencies of the charge were thus declared and no case is shown for overriding this presumption. Proctor v. Coffey, 227 Ala. 318(7), 149 So. 838; Montgomery Light & Traction Co. v. Riverside Co., 188 Ala. 380, 66 So. 459; Thames v. Louisville & N. R. Co., 208 Ala. 255, 94 So. 487.

■ We do not think the error could be regarded as cured by the giving of other correct charges. The result was that the jury was contradictorily advised and might not have known which instruction to follow. Clinton Mining Co. v. Bradford, 192 Ala. 576, 592(16), 69 So. 4; Peoples Bank v. McAleer, 204 Ala. 101(6), 85 So. 413. In the face of the opinion of the trial court, by granting the new trial, that the giving of the instruction was injurious, and the presumed correctness of that ruling, it would seem improper to invoke application of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

■■ It is deemed appropriate to point out that given charge No. 6 was likewise erroneous. It is invasive of the province of the jury in assuming the "conduct" of the plaintiff to have been negligent (Elder v. Ralls Sanitarium, Inc., et al., 219 Ala. 298(11), 122 So. 41; Western Steel Car & Foundry Co. v. Cunningham, 158 Ala. 369, 48 So. 109; Tyson v. Winter, 225 Ala. 437, 143 So. 460) and is also faulty in not predicting decision on belief by the jury of properly hypothesized evidence. Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; Shipp v. Shelton, 193 Ala. 658(9), 69 So. 102.

■ The motion for a new trial was also grounded on the giving of this erroneous instruction and the order granting it might be well sustained on this basis. If such action is sustainable on this, another, proper ground, we are not limited in our review to that assigned in the ruling (Sullivan v. Alabama Power Co., 246 Ala. 262 (14), 20 So.2d 224; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 290(20), 167 So. 572; Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902), and it is open to appellee to show

error in any other ground assigned in the motion. . Thomas v. Carter, 218 Ala. 55, 59(7), 117 So. 634.

The judgment must be affirmed.

Affirmed.

All the Justices concur.