The Circuit Court of Limestone County granted the plaintiff's motion for a new trial. The defendant appeals, contending the trial court erred to reversal in granting the motion for new trial. We affirm.
The record before this court reveals that the lawsuit from which this appeal is taken involved the question of whether an insurance policy had been canceled.[1] Put another way, was the plaintiff afforded coverage under a policy of insurance issued by defendant insurance company.
The lawsuit was tried before a jury and the following verdict was returned: "We find in favor of the defendant. We also find the policy was canceled unjustly." Thereafter, the plaintiff filed a motion for new trial. The plaintiff's motion was bottomed on the premise that the trial court erred "in instructing the jury that the policy of insurance sued upon could be canceled for any reason, that the insurance company, the defendant, had the right to cancel the policy whether they had a reason or not." As noted above, this motion was granted; hence, this appeal.
The lawsuit which is the basis of this appeal was, to this court, clearly tried on the premise that the insurance policy in question was canceled for nonpayment of premiums. The case was obviously, from a reading of the record, ably tried by two experienced trial lawyers. The trial court gave to the jury a lengthy oral charge to which no pertinent objection was made. After the jury retired, they returned to the courtroom for further instructions. The following question was asked by a juror:
 "MR. GLAZIER: I understand plainly that that's the only question, whether the insurance was in effect or whether it had been cancelled, but there was a reason on there for being cancelled. Does it have to state a reason?"
The trial court responded as follows:
 "THE COURT: No. It can be cancelled for any reason. The insurance *Page 193 
company could write me today and decide they didn't want somebody with brown eyes."
The above response is the basis of the new trial motion. We would note, as counsel for the defendant in an excellent brief points out, there was no objection made to the above statement by the trial court. We would further note that in the trial court's original oral charge to the jury, virtually the same "statement" is made on more than one occasion and no objection was made in that instance, either.
It is the plaintiff's contention that Tit. 28A, § 485 (1)-(9), Code of Alabama 1940, renders the trial court's "statement" to the jury erroneous and misleading. The defendant responds by saying any error, if there be any, is harmless; that no objection was made thereto; and that the evidence is clear that the defendant was in fact entitled to a verdict.
The appellant argues that the failure of appellee to object to the erroneous charge of the trial court before the jury retired precludes him from alleging error based upon the charge. Appellant relies on Rule 51, ARCP, for his authority.
However, this appeal solely concerns the propriety of the trial court granting a new trial and not whether the trial court was in error for giving such an erroneous charge which could not be raised on appeal unless an objection was made.
The granting or denying a new trial motion rests largely in the discretion of the trial judge. The judgment of the trial judge is presumed correct on appeal. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973); Hubbard Bros. Const. Co., Inc. v.C.F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169
(1975).
With the above principles of law in mind, this court cannot say the trial court erred to reversal. We are clear to the conclusion, contrary to defendant's persuasive argument, that the trial court's "statement" to the jury was erroneous. Put another way, the trial court's charge to the jury was at least a misstatement of the law or, at best, a misleading statement of the law. To this court, Tit. 28A, § 485 (1), etc., does not permit a policy of insurance to be canceled for "any reason." A policy must be canceled in compliance with the aforementioned code section.
Code of Ala. 1975, § 27-23-21 [formerly Tit. 28A, § 485 (2), Code of Ala. 1940], in pertinent part provides as follows:
 "No notice of cancellation of a policy of automobile liability insurance shall be effective unless it is based on one or more of the following reasons:
"(a) Nonpayment of premium; or
 "(b) The policy was obtained through a misrepresentation; . . ." [Emphasis supplied.]
With the above in mind, the issue then becomes whether or not the trial court erred in granting a new trial motion based on the fact that the trial court gave an incorrect or misleading charge or statement to the jury.
The law of Alabama is that an incorrect charge or even a misleading charge to the jury may be the basis for the granting of a new trial and, if such motion is granted, it will not be overturned on appeal. See Montgomery City Lines, Inc. v. Scott,248 Ala. 27, 26 So.2d 200 (1946). See also Proctor v. Coffey,227 Ala. 318, 321, 149 So. 838, 840-41 (1933), wherein the Supreme Court of Alabama stated:
 "Moreover, since the charge was misleading, if the trial court in its discretion found that by reason of such tendency a new trial should have been granted, his act in that respect will be reviewed with the same presumption as is usual in the exercise of such power. . . ."
We can find no basis for saying there must have been an objection for the above principle to apply. Rule 51, ARCP, contemplates a situation in which an appellant's appeal is based on the trial court's erroneous, misleading or improper oral charge. In that case, an objection is required in order to allege such oral charge as error. However, a misleading charge to the jury may be a basis for a new trial without *Page 194 
the necessity of objecting to the charge. See Montgomery CityLines, Inc. v. Scott, supra; Proctor v. Coffey, supra; Rule 51, ARCP.
While the evidence is substantial that the defendant was entitled to a verdict, we cannot say, in this instance, that he was so entitled as a matter of law. In view of the above, we find that any discussion of the evidence would be inappropriate.
Keeping in mind the jury verdict wording itself[2] and what we have said above, the following as found in Montgomery CityLines, supra, is appropriate:
 "Should we adopt the construction that, at most, the charge was merely misleading, a reversal would still be unwarranted in view of the favorable presumption attending the ruling of the trial court. By granting the new trial, the misleading and injurious tendencies of the charge were thus declared and no case is shown for overriding this presumption. . . ." (248 Ala. at 31, 26 So.2d at 202)
Nothing we have stated above should be interpreted or construed as holding that in this instance the trial court was required to grant the motion for new trial. We only hold he was not in error for granting the motion for new trial.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] It appears to this court that there are some discrepancies in the appendix furnished to this court and the record proper. This court cannot discern the reason for these discrepancies. In any event, this court has gone to the record proper to marshal the necessary information for the rendition of this opinion.
[2] Which, quite frankly, this court finds confusing.