This appeal concerns the propriety of the trial court's granting a new trial as a result of an error in charging the jury. The granting or denying of a motion for a new trial rests largely in the discretion of the trial judge and his decision is presumed to be correct on appeal. Hubbard Bros. ConstructionCo. v. C.F. Halstead Contractor, Inc., 294 Ala. 688,321 So.2d 169 (1975); Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123
(1973); American Service Mutual Insurance Co. v. Grizzard,356 So.2d 191 (Ala.Civ.App. 1978). The law in Alabama states that an incorrect charge or even a misleading charge to the jury may
be the basis for the granting of a new trial. If a motion for a new trial is granted, it will not be overturned on appeal.Montgomery City Lines, Inc. v. Scott, 248 Ala. 27, 26 So.2d 200
(1946); Proctor v. Coffey, 227 Ala. 318, 149 So. 838 (1933).
In my opinion, the issue of whether this charge to the jury was misleading and prejudicial to the plaintiff is an extremely close question. When viewed from the standpoint of a lay person serving as a juror, I would find it somewhat difficult to clearly understand the distinction between the charge as given and this Court's statement of the applicable law in AlabamaPower Co. v. Bryant, 226 Ala. 251, 146 So. 602 (1933). However, it is the trial judge who is in the best position to determine whether the erroneous charge misled the jury. If this trial judge had overruled the motion for new trial, I would have affirmed that decision. I concur to affirm here only because of my deference to the wisdom and judgment of the trial judge. *Page 26