(110 So. 281)

## McSHAN et al. v. KILPATRICK. (6 Div. 720.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. **Covenants** ⬤⇒118.

In suit for breach of warranty as to incumbrances, burden of proof is on plaintiff to show damages.

2. **Covenants** ⬤⇒118.

In suit for breach of warranty as to incumbrances, plaintiff must show actual discharge of prior incumbrance.

3. **Covenants** ⬤⇒130(2)—Only nominal damages are warranted for technical breach of warranty as to incumbrances.

Where, in suit for breach of warranty as to incumbrances, it is shown that alleged incumbrance was satisfied by grantor's money, plaintiffs are only entitled to nominal damages.

4. **Covenants** ⬤⇒135—In suit for breach of warranty as to incumbrances, instruction that plaintiffs had not parted with value in removal of prior incumbrance, and that only nominal damages may be awarded held proper in view of facts.

In suit for breach of warranty as to incumbrances, where evidence showed that one plaintiff had paid nothing in removal of incumbrance, and that suit by two plaintiffs was joint, instruction that plaintiffs had not parted with value in removal of prior incumbrance, and that only nominal damages may be awarded, held proper.

5. **Covenants** ⬤⇒134.

In suit for breach of warranty as to incumbrances, whether any money of joint plaintiffs was used in removing prior incumbrance held for jury.

6. **Trial** ⬤⇒337.

Trial court's refusal to accept verdict for defendant, sought to be rendered contrary to its written instructions, held not reversible error.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ☞1033(5).**

Plaintiffs cannot complain of instructions in their favor.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Action by J. T. McShan, Jr., and another, against W. F. Kilpatrick. From a judgment in their favor for nominal damages, plaintiffs appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The complaint alleges that D. B. Miller and W. F. Kilpatrick conveyed to plaintiffs certain timber and timber rights by deed containing covenants of seisin, of good right to sell and convey, and of warranty. It is averred that at the time of the execution of said deed the grantors were not seized in fee of said timber, did not have full right to sell and convey the same, and that the same was not free from incumbrances, but that at that time there was an unpaid deed of trust or mortgage outstanding against a part of said property given by the grantors to the Bank of Tupelo for the sum of $3,500; and it is averred that plaintiffs paid the balance due on said deed of trust or mortgage, viz., $1,057.22, to the damage of plaintiffs, etc.

It appears that plaintiffs sold the timber involved to W. L. Kilpatrick, or Kilpatrick Lumber Company, at which time it was discovered that said deed of trust was outstanding. It also appears that plaintiffs were due to defendant and Miller a balance of $2,500 on the purchase price, and that W. L. Kilpatrick, at the direction of Miller, discharged the deed of trust to the Tupelo Bank by using a check for $2,500 which "was in satisfaction of the note due by McShan and Eaton to D. B. Miller and W. F. Kilpatrick, balance due as purchase money on the timber," a cashier's check given to said W. L. Kilpatrick by D. B. Miller, for $1,059, a sight draft on said Miller for $159, and an item of $50 standing to the credit of Miller in said Tupelo Bank. It further appears that D. B. Miller died prior to the institution of the suit.

The jury returned a verdict in favor of defendant, whereupon the court, over defendant's objection, further instructed the jury and required them to retire and return another or different verdict. Thereafter the jury returned a verdict in favor of plaintiffs assessing their damages at one cent.

Patton & Patton, of Carrollton, for appellants.

Counsel argue for error in the judgment citing Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86; Lamar v. King, 168 Ala. 285, 53 So. 279; Wolf v. Do ex dem. Delage, 150 Ala. 445, 43 So. 856; Green & Co. v. Brady, 152 Ala. 507, 44 So. 408.

Harwood & McQueen, of Tuscaloosa, and Jack M. Pratt, of Carrollton, for appellee.

When several parties sue jointly as plaintiffs, all must be entitled to recover, or none may recover. McLeod v. McLeod, 73 Ala. 45; Lovelace v. Hutchinson, 106 Ala. 418, 17 So. 623; Hutton v. Williams, 60 Ala. 107; Daniel v. Daniel, 202 Ala. 635, 81 So. 577. The burden was upon plaintiffs to show actual payment by them of the alleged incumbrance, and, if the incumbrance was paid off by the grantors, plaintiffs may recover no more than nominal damages. Purcell v. Lay, 84 Ala. 288, 4 So. 196; Hook v. First Nat. Bank, 206 Ala. 321, 89 So. 466.

THOMAS, J. The suit is for breach of warranty as to incumbrances.

[1-3] The burden of proof was upon the plaintiff to show his damages, and he must show the actual discharge of the prior incumbrance. It follows that if the alleged incumbrance was satisfied and removed by the moneys or properties of the grantors, or either of them, in conveyance in question, the plaintiffs were only entitled to recover nominal damages by reason of the breach that resulted in the execution and delivery of the conveyance.

[4] The evidence shows that plaintiff Eaton has paid nothing in the removal of the incumbrances, nor has he in any wise obligated himself to the payment of any sum for such purpose. The suit by McShan, Jr., and Eaton was joint; the court correctly instructed the jury that plaintiffs had not parted with value in the removal of the prior incumbrance, and that only nominal damages may be awarded. The verdict was responsive thereto.

[5] There was no amendment of the complaint as to the parties plaintiff; the incumbrance had been discharged when the suit was brought. The verdict of the jury for nominal damages was justified by the evidence. The testimony of J. T. McShan, Jr., was to the effect that he had conference with Miller, Eaton, and Kilpatrick, and it was agreed that Eaton was to lend to Miller and Kilpatrick the sum of $1,000, the amount required to discharge the balance of the trust deed, prior incumbrance on the timber, and timbering right; that the sum be obtained by McShan, Jr., and Eaton, executing their note to Miller and Kilpatrick, securing McShan, Jr., and Eaton in the execution of such note by the execution by Miller and Kilpatrick of the note of same amount; that when McShan executed the note to the Pickens County State Bank for said sum, it was in the furtherance of said agreement; that Miller was not to use the note in question until Eaton had signed the note indicated, and the said Miller and Kilpatrick had executed their note payable to McShan, Jr., and Eaton. There was afforded an inference of fact for the jury

to determine whether the $1,000 evidenced by the note of McShan, Jr., was to be to Miller, or to Miller and Kilpatrick, to be secured as indicated. If the sum was a loan by McShan, Jr., to Miller, or to Miller and Kilpatrick, the proceeds became properties of Miller or Miller and Kilpatrick, and they may use as they saw fit. The evidence shows that the trust deed or incumbrance was paid off and discharged by moneys that came through Miller, or his agent in the premises, Kilpatrick. It follows from the evidence that it was a matter for determination by the jury whether any money of the joint plaintiffs was used in removing the prior incumbrance on the land. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[6, 7] There was no reversible error in declining to accept verdict for the defendant sought to be rendered contrary to the written instructions of the court. The plaintiffs cannot complain of the court's instructions in their favor.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.