52 So.2d 399

### SMITH v. KIFER.
### 6 Div. 124.

Court of Appeals of Alabama.
May 1, 1951.

Lipscomb & Brobston and Jas. M. Hamrick, all of Bessemer, for appellee.

CARR, Presiding Judge.

This is a suit by Mrs. Bell S. Kifer against Mrs. O. R. Smith.

The complaint claims property damages to plaintiff's automobile incident to a collision at an intersection of two streets in the city of Bessemer, Alabama. In the court below damages were awarded in the sum of $300.00 in favor of the plaintiff.

We do not think there was any prejudicial error in the action of the court in overruling the demurrers to the complaint. It may be stated that the count could have been more accurately drafted to avoid some omissions and some repetitions. However, unquestionably the complaint states a cause of action, and the claimed defects relate to matters which were not in conflict in the evidence. Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813; Woodson v. Hare, 244 Ala. 301, 13 So.2d 172; Smith v. Tripp, 246 Ala. 421, 20 So.2d 870; Britling Cafeteria Co. v. Irwin, 229 Ala. 687, 159 So. 228; Tyson v. Winter, 225 Ala. 437, 143 So. 460; Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

It is urged that the motion for a new trial should have been granted because (1) the verdict was excessive, (2) the verdict was contrary to the great weight of the evidence.

The repair bill for the damage to plaintiff's car was $154.00. This alone does not form the criterion for the assessment of the damages to the car. Whether or not the automobile was fully restored to its former value by the repairs related to other factual circumstances. A witness testified

Keith & Davis, of Bessemer, for appellant.

that the difference in the reasonable market value of the car before and after the collision was $300.00. There was no evidence to the contrary. Apparently the jury accepted this estimate as a basis for their verdict. Clearly the judgment finds support in the proof in this aspect.

The collision in question occurred at the intersection of Clarendon Avenue and Fourteenth Street. A traffic light was in operation at this point.

It appears that an overpass bridged Clarendon Avenue and that as the appellant's truck approached the intersection there was a visible sign reading "Danger. Street Crossing 75 feet ahead." The abutments or wings to the bridge afforded some obstruction to a clear view to those entering the intersection.

Appellee's car was proceeding north along the avenue. The driver came to a stop at the intersection in observance of a red signal light. Appellant's truck was traveling south on the same avenue. A Mr. Fowler was en route east along Fourteenth Street. His automobile and appellant's truck entered the intersection and collided. The truck struck appellee's car and this impact caused the claimed damages.

There is an irreconcilable conflict in the evidence as to the speeds of the truck and Mr. Fowler's automobile. There is a dispute also with reference to the traffic light signal colors as these two vehicles came into the intersection.

A person traveling our highways may presume that others will obey the traffic laws, and there is no duty imposed as a matter of law to keep a special lookout for vehicles when a traveler is observing the rules relating to traffic signals. However, the duty to operate vehicles with the required care and prudence is not removed by the presence of traffic lights. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Sandefer v. Robins, Ala.App., 48 So.2d 540.

We would be out of line with the familiar authorities to charge error here in the action of the court in denying the motion for a new trial.

On the occasion of the collision appellee's car was being driven by her husband. Mr. Kifer had no ownership interest in the automobile. Neither was he a party to the suit.

Subsequently to the collision and prior to the trial Mr. Kifer made a statement to an attorney concerning the circumstances which resulted in the damage to his wife's car. This narration was reduced to writing by counsel or his secretary and signed by Mr. Kifer. Mr. Kifer admitted at the trial that he signed the paper. He testified that on the occasion of the draft he did not have his glasses and could not read the paper and neither was it read to him.

According to his testimony, the paper in one particular was not an accurate transcription of what he related to the attorney. The correctness of the other portions was not denied or questioned by him.

This evidence was developed during Mr. Kifer's cross examination and he appeared as plaintiff's first witness.

At this point in the trial proceedings the signed document as a whole was tendered in evidence and its introduction denied.

The admissibility of the written statement could relate only to the right of the appellant to impeach the testimony of the witness by showing prior assertions which were at variance with his testimony given at the trial. 19 Ala.Digest, Witnesses, ☞ 379(4).

This rule could only apply to that portion of the document which was in conflict with Mr. Kifer's testimony and which he denied having previously made.

Assuming, but not deciding, that the paper's identification was sufficiently established to permit its introduction, only the conflicting part was admissible for impeachment purposes.

So we have the appropriate application of the rule which provides that where part of tendered evidence is admissible and part inadmissible, the court is not required to separate the good from the bad, and under these circumstances he may with legal propriety sustain the objections

to the evidence when it is offered in its entirety. Lakey v. State, 18 Ala.App. 442, 93 So. 51; Adams v. State, 33 Ala.App. 136, 31 So.2d 99; Williams v. State, 33 Ala.App. 304, 35 So.2d 562; Shewbart v. State, 33 Ala.App. 195, 32 So.2d 241; Beall Bros. v. Johnstone & Hammond, 140 Ala. 339, 37 So. 297.

Appellant's attorney failed to reserve an exception to the ruling of the court which ruling forms the basis for assignment of error number 9. Broglan v. Owen, 34 Ala.App. 480, 41 So.2d 434; Calvert v. J. M. Steverson & Sons Lbr. Co., 244 Ala. 206, 12 So.2d 365.

Assignment of error number 12 is: "The court erred in overruling appellant's objections to the question, 'Did those repairs put the automobile in the same condition as it was in before the collision?' because it called for expert testimony to which action of the court appellant duly and legally reserved an exception."

Here, nor in brief of counsel, are we pointed to the page of the record where the ruling appears. Neither are we furnished with the name of the witness to whom the question was addressed.

The appellate courts are not required to search the record in an effort to locate the basis for an assignment of error when we do not have any lead to its location or appearance.

We have responded to each assignment of error which is pressed for our review.

The judgment below is ordered affirmed.

Affirmed.