189 So.2d 551

Newton **PEARSON**

**v.**

Jesse Lee **FOUNTAIN** et al.

**6 Div. 253.**

Supreme Court of Alabama.

Aug. 25, 1966.

Brobston & Brobston, Bessemer, for appellant.

**2**

London, Yancey, Clark & Allen, Birmingham, and Ling & Bains, Bessemer, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment in favor of the defendants, Deaton Truck Lines, Inc., and Jesse Lee Fountain, driver of a Deaton truck.

The case was submitted to the jury on one count charging negligence to defendants in injuring the plaintiff in an intersection collision.

In the trial below, the plaintiff testified that on the night of the collision he was returning to his home after having completed his work shift at midnight.

His usual route home, and the one he was following at the time of the collision necessitated crossing the Birmingham-Bessemer super highway at the point such highway is intersected by Wilkes Road. The flow of traffic at this intersection is regulated by a traffic light.

The plaintiff testified that he approached the intersection while driving on Wilkes

Road. The light turned green in his favor when he was about fifty feet from the intersection, and he reduced his speed to about fifteen or twenty miles per hour. Prior to entering the intersection, he observed a car halted to his left on the highway in the right lane from Birmingham. He did not see defendant's truck, nor did he remember anything about the impact.

On cross examination the plaintiff testified that there was nothing to obstruct his view of traffic approaching the intersection on the highway other than a telephone booth near the corner. He entered the intersection at about fifteen miles per hour, and could have stopped his vehicle in about ten feet.

The traffic light facing him changed directly from red to green, but he was not sure there was an amber light in the sequence.

Later, on recall for further cross examination, the plaintiff testified that he had entered the highway from Wilkes Road probably fifteen hundred times since the traffic light had been placed there. He knew that the intersection was a dangerous one. He generally tried to time his arrival at the intersection with the light and a few times had tried to time his entry onto the highway just as the light would turn green. On the occasion of the collision he had tried to time his entry onto the highway at just the time the light turned green.

Milton Lester, a police officer of the City of Midfield, testified that he investigated the collision as a result of a call he received at around 12:25 A.M., arriving there within one minute of the call. The highway is illuminated with street lights staggered on either side, and is well lighted. The traffic light at the intersection changes, both as to the highway and Wilkes Road, from green to amber to red, and then directly from red to green.

Robert Plan testified that on the night of the collision in question he was driving toward Birmingham on the highway. As he approached the intersection where the collision occurred, the traffic light turned red against him when he was about fifty yards from the intersection. He began applying his brakes and just as he stopped at the intersection, he heard the noise of a collision. He had not noticed either of the vehicles involved in the collision or any other vehicle in the area since he was watching the traffic light.

The defendant, Jesse Lee Fountain, testified that on the occasion of the collision he was employed as a driver by Deaton. He had been driving tractor-trailer trucks similar to the one involved in the collision for sixteen years.

Before setting out on his trip on the night of the collision, he spent about an hour inspecting his truck to be sure that the brakes, lights, horn, air in tires, etc., were in proper condition.

On the night in question, he was hauling 35,000 pounds of flat steel on the trailer. At thirty miles per hour, on a dry surface as was the road at the time of the collision, it would take approximately a distance of one hundred feet to stop the truck.

As he approached the collision site driving on the highway, his speed was twenty to twenty-five miles per hour. The light was green in his favor. When he got within thirty-five to forty feet of the light, it changed to caution. He applied his brakes gradually as a sudden stop would propel the load of steel through the cab. Fountain further testified that when about six feet from the light, the appellant's vehicle darted in front of him. He then applied all brakes, and swerved to the left to avoid a collision. Nevertheless, his truck collided with appellant's vehicle. His truck stopped within three inches after the impact.

On cross examination, Fountain testified that he had applied his brakes gradually, but was not trying to stop, but was slowing down to avoid an accident if anyone came into the intersection "because I had enough time on the amber light to stop, before I

got into the intersection, if there was anything coming." There was nothing to obscure his vision of Wilkes Road but he did not see appellant's vehicle until it was in front of him.

We think the evidence reveals a situation where both drivers were more concerned with an entry into the intersection on a split second timing articulated with the traffic signal than with observing the possibility of other vehicles entering the intersection.

Appellant's assignment of errors 1 through 8 raise in various ways the sufficiency of the evidence to support the verdict and judgment. Particularly does counsel for appellant argue that resort to speculation, conjecture, or guess must be made if it be concluded that the appellant was guilty of contributory negligence in the slightest degree in causing the collision.

We are not here concerned with the question of whether the defendant truck driver was guilty of negligence, but only with whether the plaintiff's conduct was such that the jury could reasonably conclude under all the circumstances that the appellant was guilty of negligence in the slightest degree and that such negligence proximately contributed to his injury.

■ An operator of a motor vehicle approaching an intersection may presume that others will obey the traffic laws and regulations, and there is no duty imposed as a matter of law to keep a special lookout for other vehicles when a driver is observing the rules relating to traffic signals. Smith v. Kifer, 36 Ala.App. 79, 52 So.2d 399. This presumption, however, does not obtain under all conditions, and the general duty to operate an automobile with careful and prudent regard for the safety of others is not removed by the presence of traffic lights. Duke v. Gaines, 224 Ala. 519, 140 So. 600. If with full knowledge of a dangerous intersection one enters therein on a green light, it becomes a jury question whether his conduct under all the circumstances, was such that it would probably result in injuries to others or to himself, that is, whether his conduct was such as to exhibit a want of due care. Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200; Shafer v. Myers, 215 Ala. 678, 112 So. 230.

■ Applying the above principles to the facts as disclosed by the evidence in this case, we hold that the court properly submitted to the jury the question of defendant's negligence, and that plaintiff's contributory negligence, and that the verdict and judgment in favor of the defendant is sufficiently supported by the evidence or reasonable inferences therefrom.

■ Verdicts and judgments are presumed to be correct. And when, as here, the trial judge refuses to grant a new trial, such presumption is strengthened. Bagley v. Green, 277 Ala. 118, 167 So.2d 545.

Giving due weight to the above presumptions, we do not feel we would be justified in saying that the evidence, or reasonable inferences therefrom, was so lacking in tendencies to establish plaintiff's contributory negligence that the verdict and judgment are palpably wrong and unjust.

Appellant's assignments of error Nos. 1 and 9 relate to the giving of defendants' written requested charge No. 4.

Counsel for appellant concedes that it has been held that the giving of this charge is not error, but argues that the giving of charge 4, in the present case, was erroneous "since there were no facts upon which contributory negligence could be predicated."

It being our conclusion that the question of appellant's contributory negligence was properly submitted to the jury, we necessarily conclude that charge 4 was given without error.

Assignments of error Nos. 1 and 10 relate to the giving of appellees' written requested charge No. 7.

Charge 7 correctly states an abstract principle of law, and hypothesizes, the application of such principle to the jury's reasonable satisfaction from the evidence.

In Powers v. Williams, 34 Ala.App. 579, 42 So.2d 58, relied on by appellant, the court was considering the refusal of a charge (Charge A) of similar import to charge 7. In holding that Charge A was refused without error, the court stated that while "possibly stating a correct principle of law in the abstract, charge A makes no attempt to relate the effect of such principle to the issues of the case" and was denied without error. Charge 7 did so contain such hypothesis.

In Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200, the court held that the trial court did not err in granting the plaintiff's motion for a new trial because of the giving, at defendant's request, of a charge designated as charge 12.

Again, such charge was not hypothesized upon the jury's reasonable satisfaction from the evidence, and among other things stated it was the plaintiff's duty "to be on the lookout for moving vehicles approaching."

Two of the justices considered that a correct grammatical construction of said charge 12 resulted in instructing the jury, as a matter of law, that it was the plaintiff's duty to be on the lookout for approaching vehicles, and took away from the jury the question of plaintiff's negligence under the circumstances. The other justices were uncertain of this grammatical construction, but did view the charge as misleading to such end. Such view. resulted in the same conclusion of affirmance of the action of the trial court in granting the plaintiff's motion for a new trial.

Charge 7 in the present case submits to the jury the question of plaintiff's negligence on his entry into the intersection, to be determined by the jury's reasonable satisfaction from the evidence. Charge 7 is thus free of the vice permeating charge 12,

considered in Montgomery City Lines v. Scott, supra, and no error resulted in the giving of charge 7.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.