222 So.2d 358

**VALUE OIL COMPANY, Inc.**

v.

**CITY OF NORTHPORT.**

**6 Div. 587.**

Supreme Court of Alabama.

May 1, 1969.

Rosen, Wright & Harwood, Tuscaloosa, for appellant.

Henley & Northington, Northport, and Jones, McEachin, Ormond & Fulton, Tuscaloosa (on appeal only), for appellee.

**BLOODWORTH, Justice.**

Value Oil Company appeals from a final decree of the circuit court of Tuscaloosa County, Alabama, in equity, granting the City of Northport a permanent injunction, enjoining it from causing or allowing gasoline to be dispensed from its pumps in the manner and according to the procedure as set out in the bill of complaint.

The bill was brought by the City of Northport to enforce provisions of the Fire Prevention Code which required a competent attendant to be in the immediate vicinity of a vehicle being filled with class 1 flammable liquid through an automatic nozzle with "latch-open" device. The bill charges the Little Giant Food Store in Northport with dispensing gasoline by such pump with no competent attendant in the immediate vicinity of the vehicles being filled, and alleges that the dispensing of gas is performed by "the customer himself" ("self-service"). The bill avers this practice is in direct violation of the Fire Prevention Code as set out in the bill, that it is dangerous and likely to do grievous harm and damage to the general public. It asks for a permanent injunction.

Value Oil answered the bill stating it has an employee on duty who does supervise the dispensing of gasoline, and further that the nozzles at such location are manually operated without the "latch-open" device.

Proof before the trial court was made of the ordinance adopting the Fire Prevention Code respecting automatic nozzles with "latch-open" devices as alleged in the bill of complaint. Proof also was made that there is an electric switch located inside the store which can be switched on when someone wants gas, controlling the pump, and that thereafter it can be switched off. Also, there was proof of an intercom system from pumps to inside the store. The grocery store, as well as the pumps were "self-service." The nozzles were not of the "latch-open" type but were manually operated.

Value Oil argues several assignments of error, principally that there is a fatal variance between allegations of the bill and the proof. It says the undisputed evidence introduced in this case established that Value Oil's delivery nozzles were manually operated without a "latch-open" device and were not automatic nozzles with "latch-open" devices as alleged in the bill of complaint, which require, under the Fire Prevention Code, a competent attendant.

In answer to these contentions, the City of Northport says that the assignments of error are insufficient. With respect to the alleged fatal variance, it calls our attention to the Fire Prevention Code ordinance respecting "manual nozzles" which also are required to be under control of a competent person. Further, the City of Northport says that the decree should be upheld since the evidence was to the effect that the operation in question is dangerous and that a municipal authority may enjoin any public nuisance which is injurious or dangerous to the community.

With respect to the assignments of error, we are of the opinion that they are sufficient to point out the error complained of, namely, the variance. We are further persuaded that the variance between the allegations in the bill of complaint and the proof is fatal.

In effect, the bill of complaint charges a violation of the Fire Prevention Code, namely, that the delivery nozzles on the gas pumps at the Little Giant Store in Northport were of the automatic type with "latch-open" devices, which shut off the liquid automatically by a "latch" when the gasoline tank is filled. All the proof is that the nozzles used at Little Giant are not of the "latch-open" variety but were manually operated so that the supply of liquid ceased when one stopped squeezing the lever located in the handle of the nozzle.

Since we judicially know that the population of Northport, as contained in the last Federal census, is 5,245, we cannot take judicial notice of any other ordinance of the City of Northport. Section 429(1), Title 7, Code of Alabama 1940, as last amended; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689. Thus, although the City of Northport urges us in brief to consider the Fire Prevention Code respecting manual nozzles, we are not permitted to do so under our decisions and the legislative acts.

With respect to the City of Northport's contention that we may affirm the decree on the basis of a "public nuisance," we consider that the bill neither sought such relief, nor that the proof sustained it, had it been alleged.

Therefore, we find that the decree of the circuit court of Tuscaloosa County, Alabama, in equity, must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.