240 So.2d 221

**Noble Eloise YEAGER**

v.

**Neil E. MILLER.**

**6 Div. 790.**

Supreme Court of Alabama.

Oct. 1, 1970.

Rehearing Denied Nov. 5, 1970.

Richard C. Shelby and J. Knox Argo, Tuscaloosa, for appellant.

Zeanah, Donald & Lee, Tuscaloosa, for appellee.

BLOODWORTH, Justice.

This is an appeal by plaintiff from a jury verdict·in favor of defendant. Plaintiff sought damages in her complaint for personal injuries which she alleged were proximately caused by the negligence and wanton conduct of defendant.

The assignments of error argued on this appeal relate to the giving of certain written charges for the defendant and to the action of the trial court in sustaining objections to testimony as to whether the odor of alcohol was strong or weak on defendant's breath.

The basis for the suit is an accident which occurred on December 23, 1968 at approximately 10:45 p. m. at the intersection of 12th Street and 26th Avenue in the City of Tuscaloosa. 12th Street runs east and west and 26th Avenue north and south. Both streets are paved and contain two traffic lanes. The street on which plaintiff was traveling (26th Avenue) was unmarked by any traffic control sign. The street on which defendant was traveling (12th Street) had a "yield" sign at the entrance to the intersection. The speed limit in the area was 25 miles per hour.

Plaintiff was traveling south on 26th Avenue and proceeded into the intersection without looking to her right before entering it. She was on her way to work. Plaintiff did not know her speed nor that of defendant. Defendant was enroute home with his nine-year-old daughter from the office of Southern Distributing Company where he is employed as Manager. His wife had driven ahead to make a night bank deposit. As he approached the intersection he was traveling east on 12th Street at a speed of 15 to 20 miles per hour and says he slowed to 10 miles per hour at the intersection. He testified he looked to his left and right but saw no moving traffic. He did not stop at the "yield" sign but proceeded into the intersection. At the time plaintiff's car entered the intersection she noticed defendant's car approaching from her right and immediately applied her brakes. Her car collided with the left rear of defendant's car. Plaintiff contends both cars entered the intersection at about the same time. Defendant testified he had almost crossed the intersection when his car was struck by plaintiff's car. The impact knocked defendant's car around and it came to rest facing the direction from which he had come. Plaintiff's car came to rest at the southeast corner of the intersection.

After the collision, defendant began driving his car away. The plaintiff yelled to him to stop. He did so, parking his car down the street. Photographs of the scene of the accident tended to show skid marks left by plaintiff's vehicle for a distance of 40 feet on the east side of 26th Avenue. Photographs of the vehicles tended to show

damage to the front of plaintiff's car and to the left rear of defendant's car.

After the accident, plaintiff testified defendant had the odor of alcohol on his breath and stated, "I think he was drinking heavy." Officer Robbins testified he smelled the odor of "an alcoholic beverage" on defendant's breath. Officer Tinsley also testified he smelled "a slight odor of alcohol" on defendant's breath. Defendant admitted to two drinks of whiskey over a period of several hours with his drivers because it was the last work night before Christmas.

Plaintiff suffered a fractured foot as a result of the accident which was treated by being placed in a cast. Later, a bone graft was performed on her foot.

In assignment of error No. 2 plaintiff contends that the trial court erred in giving the defendant's charge No. 21 which reads as follows:

"21. The court further charges the jury that the defendant had the right, until the contrary appeared, to assume that the plaintiff would obey the law and would not operate her vehicle in excess of 25 miles per hour and had the right to act on that assumption."

Evidence of the speed limit in the area of the accident was given during the cross-examination of Police Officer W. V. Robbins who testified that it "is a residential area," where there "is a twenty-five mile per hour speed limit."

No objection was made to this testimony nor was there any effort made to clarify or elaborate on it, nor to show whether this speed limit was established by Rules of the Road or by City ordinance.

Plaintiff contends this charge invades the province of the jury because it removed from their consideration the lawfulness of plaintiff's speed under the facts of the case. Plaintiff admits, however, that the part of the charge that plaintiff would obey the law is a correct statement of law. She further contends the charge amounts to the affirmative charge as to the lawfulness of plaintiff's speed.

■ We do not think this charge invades the province of the jury, nor that it constitutes the affirmative charge. If it is deemed misleading or incomplete, plaintiff should have requested an explanatory charge. Alabama Power Company v. Smith, 273 Ala. 509, 524, 142 So.2d 228, 242. We there held:

"If, however, Charges 12 and 13 be deemed incomplete and, therefore, misleading, giving them was not reversible error. 'It is not necessarily reversible error to give ambiguous or misleading charges; proper explanatory instructions should be given at request of party supposing himself prejudiced thereby.' Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 291, 82 So. 534, 541. * *"

Moreover, the court orally charged the jury as follows:

" * * * Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing and no persons shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person. * * *"

No exceptions were taken to this portion of the oral charge. In our judgment the giving of charge No. 21 did not constitute reversible error.

We do not consider any of the cases cited by plaintiff in support of this assignment of error to militate against this result.

In assignment of error No. 1 plaintiff complains of the giving of defendant's charge No. 20 which both parties admit is very similar to charge No. 21. They both assign the same argument in support thereof. We therefore consider our discussion of assignment of error No. 2 answers assignment of error No. 1.

In assignment of error No. 7 plaintiff maintains the trial court erred in giving at the request of the defendant the following written charge:

"34. The court charges the jury that the presence of a Yield sign at an intersection does not require the driver of a vehicle facing it to stop when he reaches the intersection, but if there is no other vehicle approaching or entering the intersection at approximately the same time, he may lawfully proceed to enter the intersection without stopping even though a vehicle may be approaching the intersection on the favored street. After he has so entered the intersection, he then has the right-of-way and the approaching vehicle on the favored street must use due care to avoid colliding with him in the intersection."

Defendant summarizes appellant's contentions in his brief:

" * * * Appellant states that the law of Alabama is 'totally silent' as to the rights and duties of parties in respect to yield signs and, therefore, 'appellant suggests that the proper course for the trial court would have been to give no instruction as to the legal effect of the yield sign, or, at the most, inform the jury that there were no statutory standards to guide them in their determination of the meaning of the yield sign, but they could use their common sense which they brought into the jury box.' Apparently the appellant does not claim that the charge was either misleading or an incorrect statement of the law, but merely expresses the opinion that the court should have given no instructions at all concerning it."

Plaintiff (appellant) further states in her brief that this charge "invaded the province of the jury to determine what was due care under the circumstances since there was no law properly before the court concerning a yield sign."

1. See § 18(1), Title 36, Code of Alabama 1940, as last amended, for statute governing erection of "yield" signs at en-

We agree with plaintiff that the Rules of the Road of Alabama apparently are silent as to the placing and effect of "yield" signs under the circumstances of this case.[1] However, we do not think this is relevant under the circumstances of this case as presently we will show.

It seems to us that defendant's given charge No. 34 instructed the jury that though defendant did not have to stop at the "yield" sign, he could proceed into the intersection without stopping *only* if there is no other vehicle *approaching or entering* it at approximately the same time; after he enters the intersection, he has the right-of-way, and a vehicle *on the favored street* must use due care to avoid colliding with him.

However, under Title 36, § 18, Code of Alabama 1940, as last amended, the plaintiff as the driver of the vehicle on the left was under the duty to yield the right-of-way to defendant, as the driver of the vehicle on the right, if the two vehicles were approaching or entering the intersection at approximately the same time (as plaintiff contends they were).

■ Thus, plaintiff obtained the benefit of the more favorable duty set forth in charge No. 34, rather than the less favorable duty set forth in § 18, supra. That there is a Tuscaloosa City ordinance setting out a duty consonant with defendant's given charge No. 34 has been suggested by plaintiff. But, no such ordinance was introduced in evidence. Neither we nor the trial court can take judicial notice thereof. Value Oil Company v. City of Northport, 284 Ala. 103, 105, 222 So.2d 358 (1969).

Both parties presented oral and demonstrative evidence (by way of witnesses and pictures) as to the existence of the "yield" sign facing defendant as he proceeded east on 12th Street. It was most certainly to plaintiff's advantage to have the jury consider this "yield" sign as governing defendant's operation of his motor vehicle on the

trances to interstate or limited access highways.

occasion of the accident rather than the provisions of § 18, supra, which were less favorable to plaintiff.

We do not see how the plaintiff can complain of the giving of a charge for the defendant which is more favorable to her than the Rules of the Road governing the accident. While we do not need to say that the giving of this charge was error, this court has long held a party cannot complain of error in his favor. Henry v. Smoot, Minor, 18 (1820), and cases cited in 2A Ala.Dig., Appeal and Error ☞1033(1).

We have specifically held that an oral charge of the court which exacted "too high a degree of proof of the plaintiff" in using the word "satisfied" instead of the words "reasonably satisfied" cannot be the subject of complaint on appeal by defendant from a judgment for plaintiff. Mobile, J. & K. C. R. Co. v. Smith, 153 Ala. 127, 132, 45 So. 57, 127 Am.St.Rep. 22 (1907). We think there is a valid analogy between that holding and the case at bar. Again, in McShan v. Kilpatrick, 215 Ala. 185, 187, 110 So. 281, 283 (1926), we held that plaintiffs "cannot complain of the court's instructions in their favor" on appeal from an adverse judgment. See also, Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 463, 113 So. 403 (1927).[2]

Since both parties assign the same argument with respect to assignment of error No. 6 as they made to assignment of error No. 7, we likewise consider the authorities we have heretofore cited to be sufficient to answer assignment of error No. 6. Both of these assignments complain of the giving of substantially identical charges for defendant.

In assignment of error No. 14 plaintiff assigns as error the action of the trial court in giving at the request of defendant this charge:

"G. The court charges the jury that the mere fact that one vehicle has the 'right-of-way' over other vehicles at an intersection does not release the vehicle with the right of way from the duty of exercising due care, including keeping a lookout for other vehicles approaching or entering such intersection at approximately the same time; and, if you are reasonably satisfied from the evidence in this case that on the occasion complained of, the plaintiff failed to keep a proper lookout to her right and left as she approached this intersection, and that such failure to keep a proper lookout, if any, proximately contributed to the accident and injuries of which the plaintiff complains, then I charge you that you cannot return a verdict in favor of the plaintiff under Count One of the complaint."

Plaintiff argues that this charge "affirmatively imposes on the plaintiff a duty to keep a special lookout and makes the exercise of this duty a condition precedent to the plaintiff's right to recover and thereby invades the province of the jury to determine that the plaintiff exercised due care under the circumstances."

Plaintiff cites as her authority Pearson v. Fountain, 280 Ala. 1, 189 So.2d 551 (1966). But, that case involved an automobile intersectional accident at which a traffic signal device was installed and operating. Though the court there said:

"An operator of a motor vehicle approaching an intersection may presume that others will obey the traffic laws and regulations, and there is no duty imposed as a matter of law to keep a special lookout for other vehicles when a driver is observing the rules relating to traffic signals. Smith v. Kifer, 36 Ala.App. 79, 52 So.2d 399."

It went on further to point out:

"This presumption, however, does not obtain under all conditions, and the gen-

---

2. We note that the trial court orally charged the jury as to the effect of a "yield" sign which the parties say is couched in language similar to that of defendant's charge No. 34. There was no exception taken.

eral duty to operate an automobile with careful and prudent regard for the safety of others is not removed by *the presence of traffic lights.* Duke v. Gaines, 224 Ala. 519, 140 So. 600. If with full knowledge of a dangerous intersection one enters therein on a green light, it becomes a jury question whether his conduct under all the circumstances, was such that it would probably result in injuries to others or to himself, that is, whether his conduct was such as to exhibit a want of due care. Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200; Shafer v. Myers, 215 Ala. 678, 112 So. 230." [Our emphasis]

We do not see any conflict between the *Pearson* case and this given charge. Also, we note the factual situations are different in that there was a traffic signal in *Pearson* and only a "yield" sign here. We do not think the holding in *Pearson* is authority for the proposition advanced by plaintiff that given charge No. 6 imposes a duty to keep a special lookout not required by law. Nor do we think it invades the province of the jury. With respect to keeping a proper "lookout" Mr. Justice Foster, speaking for this court in the case of Cooper v. Agee, 222 Ala. 334, 132 So. 173, 174, said:

> "It is the rule that the driver of an automobile must keep a lookout for those who are also using the highway. * * *
>
> "The motorist must exercise due care to anticipate the presence of others upon the highway and not to injure him after he is aware of his presence. 1 Berry on Auto. §§ 337, 339; 42 C.J. 909; 2 R.C.L. 1184. He is chargeable with knowledge of what a prudent and vigilant operator would have seen, and is negligent if he fails to discover a vehicle which, or a traveler whom, he could have discovered in time to avoid the injury in the exercise of reasonable care. 42 C.J. 911. The jury may infer that defendant was negligent either in the failure to keep a lookout and see plaintiff or that, if he saw plaintiff, he neglected to use due care to

avoid injuring him. Stone v. Mullen, 257 Mass. 344, 153 N.E. 565."

Again, we say we see no reversible error in giving charge No. 6. If it is misleading or incomplete, plaintiff should have requested explanatory or clarifying instructions as we have heretofore pointed out.

As to assignments of error Nos. 9 and 15, the same contentions are made as were made to assignment of error No. 14. We have answered assignment of error No. 14 which suffices for Nos. 9 and 15.

Plaintiff next assigns as error the trial court's "sustaining the defendant's objection and not allowing the plaintiff Noble Eloise Yeager to testify whether the defendant Neil E. Miller had a strong odor of whiskey on his breath." (Assignment of error No. 18.) We go to the record to see how this alleged error arose, viz:

> "Q. Did you detect an odor on Mr. Miller on this occasion?
>
> "A. I noticed he had the odor of whiskey on his breath when he talked to me while I was in the police car.
>
> "Q. Was it a strong odor?
>
> "MR. ZEANAH: We object.
>
> "THE COURT: Sustain the objection."

The plaintiff was then asked if she had "been around anyone who had been intoxicated before?" and "around people that were drinking heavy," to which she answered in the affirmative. The following then occurred:

> "Q. Was Mr. Yeager—I mean Mr. Miller drinking heavy on this occasion?
>
> "MR. ZEANAH: We object.
>
> "THE COURT: That would have to be an opinion if she formed an opinion.
>
> "A. Yes, sir.
>
> "MR. ZEANAH: We move to exclude the answer.

"THE COURT: Exclude the answer unless she has an opinion.

"Q. Do you have an opinion of this man's condition on this occasion?

"THE COURT: Yes or no.

"A. Yes, sir.

"Q. What is your opinion?

"MR. ZEANAH: We object.

"THE COURT: Overrule.

"A. I think he was drinking heavy.

"MR. ZEANAH: Move to exclude that if the Court please.

"THE COURT: Well, I will overrule."

Plaintiff argues that this "testimony as to the strength of a smell comes within the collective fact exception to the opinion evidence rule and is admissible evidence."

■ Defendant contends the question, "Was it a strong odor?" is "clearly objectionable as leading, suggesting the answer desired * * *." We agree. The trial court properly sustained the objection. We might add that plaintiff was permitted, over defendant's objection, to answer immediately thereafter "I think he was drinking heavy." Surely there is no prejudicial error here.

The sustaining of an objection to the identical question asked of Officer Robbins is the subject of assignment of error No. 19. The same arguments advanced by the parties to assignment of error No. 18 are here reassigned. We think what we have said with respect to that assignment answers the contentions here.

The last assignment of error complains of the overruling of plaintiff's objection to a question to Officer Tinsley, which took place in this context, viz:

"Q. Did you smell a slight odor of alcohol on his breath?

"A. Yes sir.

"Q. Was that strong or was it a slight odor?

"MR. SHELBY: I object. He can tell what he smelled. * * *"

■ Though the question was undoubtedly objectionable the witness had already testified without objection that he smelled "a slight odor of alcohol on his breath." This is at most harmless error and does not constitute reversible error. T. C. Farrow Mercantile Co. v. Davidson, 200 Ala. 671, 672, 77 So. 45 (1917).

To conclude, we find no reversible error and consider that the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and McCALL, JJ., concur.

COLEMAN, J., concurs in the result.

COLEMAN, Justice (concurring specially):

Charge 34 has misleading tendencies and is not to be approved as a correct statement of the law. I am of opinion, however, that plaintiff's remedy was to request an explanatory charge, and giving the charge was not error requiring reversal.