The issue is whether the City of Hueytown denied Jiffy Chek Corporation equal protection of the laws when Tit. 29, § 73, Code of Ala., governing the licensing of stores for the sale of beer, table wines and other kinds of alcoholic beverages sitused within certain distances of certain institutions, was applied to deny a license. We agree with the trial court that the statute was unconstitutionally applied and accordingly affirm its judgment ordering the City to issue Jiffy Chek a business license for the sale of table wine.
Jiffy Chek Corporation, plaintiff below, is a merchant doing business in the City of Hueytown, selling grocery and sundry items, and holds a State Alcoholic Beverage Control Board license for the sale of table wines. Jiffy Chek filed application with the City for a privilege business license for the sale of table wine which was denied by the City Council. Petition for writ of mandamus was filed in circuit court. Following trial, without a jury, the court found Jiffy Chek entitled to a table wine license at the location set out in its application, and ordered the City to issue the license. Motion *Page 762 
for new trial on behalf of the City was denied. The City appeals.
We are concerned here with the application of Tit. 29, § 73, Code. It prohibits locating stores which would sell table wines (and other kinds of alcoholic beverages) within one mile of schools, and eleemosynary institutions. The 1940 version of the Code provided an exception to its application for cities of greater than 50,000 population. The 1971 amendment added an exception for counties of greater than 500,000 population, and created special application for cities of more than 20,000 and less than 30,000 situated in counties of 500,000 or more. We take judicial notice that the population of Hueytown is 7,095.Value Oil Company v. City of Northport, 284 Ala. 103,222 So.2d 358 (1969). Code of Ala., Population Tables, Appendix, Vol. 14B. The store for which Jiffy Chek seeks a license is located within one mile of a school in Hueytown.
The evidence was heard ore tenus and the judgment entered included findings of fact: four businesses operating in Hueytown, including Jiffy Chek, have been issued table wine licenses by the Alabama Alcoholic Beverage Control Board; all four are located within one mile of an eleemosynary institution; three of these businesses also have been issued table wine licenses by the City of Hueytown. Jiffy Chek was denied such a license and the only reason given by the City for denying one to Jiffy Chek was that Tit. 29, § 73, is unconstitutional. The trial court concluded that Jiffy Chek is proper and suitable to be issued a table wine license; that Jiffy Chek is within the same class of establishments as those licensed for the sale of table wines; refusal to issue Jiffy Chek such a license amounts to denial of equal protection of the laws; the City of Hueytown is estopped from claiming the right to refuse Jiffy Chek a license under Tit. 29, § 73, Code, and there is no need to determine the constitutionality of Tit. 29, § 73.
The evidence is not in dispute and the City claims no error in the trial court's findings. The sole issue presented by the City on appeal is the constitutionality of Tit. 29, § 73, Code. We conclude, as did the trial court, there is no need to decide this issue.
The uncontradicted evidence shows Jiffy Chek is situated no differently than the other merchants who were issued table wine licenses by the City. In respect to Tit. 29, § 73, all these merchants are located in the prohibited area, yet only Jiffy Chek has been denied a license. We agree with the trial court that Jiffy Chek has been denied equal protection of the laws.
Sections 1, 6, and 22 of the Alabama Constitution combine to guarantee equal protection of the laws. The essence of the theory of equal protection of the laws is that all similarly situated be treated alike. An individual cannot be subjected to aribtrary exercise of governmental powers. Vernon v. State,245 Ala. 633, 18 So.2d 388 (1944). The City does not state its reasons for denying Jiffy Chek a license, other than the claimed unconstitutionality of § 73, nor does it attempt to point out how Jiffy Chek is so distinguishable from the licensed merchants as to justify refusing it a license. It stands undisputed that Jiffy Chek is in the same class as the others. Denial of a table wine license to it under the circumstances amounts to arbitrary, capricious discrimination. The statute was unconstitutionally applied also as to be an unequal application of the laws to the prejudice of Jiffy Chek. Refusal to grant equal treatment in conferring certain rights, here a table wine license, amounts to denial of equal protection of the laws and the City is estopped from claiming to the contrary on the basis of the facial unconstitutionality of § 73, therefore, estopped to refuse Jiffy Chek a license.
For the reasons assigned, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur. *Page 763