625 So.2d 1141 (1992)
Grady Archie BANKHEAD
v.
STATE.
6 Div. 370.
Court of Criminal Appeals of Alabama.
February 28, 1992.
Rehearing Denied April 17, 1992.

*1142 ON RETURN TO REMAND

TAYLOR, Judge.
We remanded this case to the Circuit Court of Jefferson County so that that court could hold a Batson[1] hearing and make findings as to whether the reasons given by the prosecution for striking the black prospective jurors were race-neutral. 585 So.2d 133. The trial court has complied with our directions and has filed its findings with this court.
The record shows that the state had 15 strikes. Of those 15 strikes, 7 were used to eliminate black veniremembers. Two blacks sat on the appellant's jury, and one black member of the venire was an alternate who sat on the jury until the jury retired for deliberation. The following reasons were given for striking the prospective black jurors:
Veniremember number 109Was struck because he had problems with being sequestered and with sitting in judgment of another person. Also indicated that he had problems with the death penalty.
Veniremember number 192Was struck because she was pregnant and had a young child at home. She had a problem in sitting in judgment of someone else.
Veniremember number 68Was struck because he had a problem with being sequestered because he told the court that he begged for money at night.
Veniremember number 67Was struck because he did not fit the "best-juror" profile. He was born in 1902 and was 85 years old at the time of trial.
Veniremember number 54Was struck because she was a woman.
Veniremember number 89Was struck because she was a woman.
Veniremember number 175Was struck because he did not like the idea of being sequestered. Appeared "disgusted."
Initially, we consider whether the reasons given by the prosecutor are race-neutral. "A veniremember's indication that service on the jury would be a hardship is a valid race-neutral reason for striking that veniremember." Yelder v. State, [Ms. 3 Div. 212, October 11, 1991] 1991 WL 238088, *7 (Ala.Cr.App.1991), citing Harvey v. State, 579 So.2d 22 (Ala.Cr.App.1990). Hostility or impatience is also a valid reason for striking a prospective juror. Mitchell v. State, 579 So.2d 45, 50 (Ala.Cr.App.1991). Also striking a juror because of age may be a valid race-neutral reason. Ex parte Bird, 594 So.2d 676, 682 (Ala.1991). In the instant case, where it was anticipated that the trial would be very lengthy and that numerous volumes of testimony would be presented, we find that the advanced age of a prospective juror was a relevant consideration and was a race-neutral reason.
Furthermore, the strikes based on the gender of the prospective jurors did not violate Batson. A majority of this court has consistently held that Batson does not extend to gender-based strikes. Fisher v. State, 587 So.2d 1027 (Ala.Cr.App.), cert. denied, 587 So.2d 1039 (Ala.1991).; Daniels v. State, 581 So.2d 536 (Ala.Cr.App.1990) (Bowen, J., dissenting), writ. denied, 581 So.2d 541 (Ala. 1991); Dysart v. State, 581 So.2d 541 (Ala.Cr. App.1990), cert. denied, 581 So.2d 545 (Ala. 1991) (Bowen, J., dissenting); Stariks v. State, 572 So.2d 1301 (Ala.Cr.App.1990). See also Parker v. State, 587 So.2d 1072, 1077-78 (Ala.Cr.App.1991) (Bowen, J., noting majority's position on gender-based strikes).
Having considered the reasons given by the prosecution, we now look to other relevant considerations, including the prosecution's pattern of striking black prospective jurors, follow-up questions that were asked, and any evidence of disparate treatment. Hart v. State, 612 So.2d 520, 524 (Ala.Cr. App.1992); Ex parte Branch, 526 So.2d 609 (Ala.1987). The appellant places great emphasis on the fact that the judgment of a trial court had been reversed in one instance because of a Batson violation on the part of one of the prosecutors. Jones v. Davis, 835 F.2d 835 (11th Cir.), cert. denied, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988).
*1143 However, that prosecutor was not the one who offered the reasons for the strikes at the Batson hearing. The record reflects that that prosecutor had lost his notes and that the court relied on the reasons given by his fellow prosecutor. We know of no case in which the prosecutor who offered the reason was reversed based on a Batson violation. The fact that one prosecutor involved in the case may have been reversed on a Batson violation "does not prove that the prosecutor's strikes were employed in a racially discriminatory manner." Hart, 612 So.2d at 524.
Few follow-up questions were asked of any of the venire members. "However, follow-up questioning is not required in every case where a Batson challenge has been presented in order for the state to successfully meet its burden." Hart, 612 So.2d at 525, citing United States v. Grandison, 885 F.2d 143 (4th Cir.1989), cert. denied, 495 U.S. 934, 110 S.Ct. 2178, 109 L.Ed.2d 507 (1990).
There is no evidence of disparate treatment between white veniremembers and black veniremembers. Sims v. State, 587 So.2d 1271 (Ala.Cr.App.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1179, 117 L.Ed.2d 423 (1992). The record reflects that white female prospective jurors were also struck. The record also shows that white prospective jurors were struck because they had problems with sitting in judgment of another person and with being sequestered.
We will not reverse a trial court's Batson ruling unless it is "clearly erroneous." Mitchell v. State, 579 So.2d 45 (Ala.Cr.App. 1991). The trial court is in a better position to rule on the prosecution's reasons than this court, and great "deference" should be shown to its findings. Hernandez v. New York, ___ U.S. ___, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). The trial court found that the prosecutor's reasons were race-neutral; this ruling was not "clearly erroneous."
For the foregoing reasons the judgment in this case is affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., who dissents with opinion; and
MONTIEL, J., who dissents with opinion.
BOWEN, Judge, dissenting.
Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." In the present case, as the majority recognizes, two females were removed from the venire solely because of the fact that each was a female. Nevertheless, the majority continues to hold that the principles of Batson do not apply to discriminatory gender-based peremptory strikes. Once again, I dissent from that holding based on my previously stated position that the removal of veniremembers on the basis of gender discrimination is prohibited under state law. Daniels v. State, 581 So.2d 536, 540-41 (Ala.Cr.App.1990) (Bowen, J., concurring in part and dissenting in part), cert. denied, 581 So.2d 541 (Ala.), cert. denied, ___ U.S. ___, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991); Murphy v. State, 596 So.2d 42 (Ala.Cr.App.1991) (Bowen, J., dissenting). See also Ex parte Fisher, 587 So.2d 1039 (Ala.1991) (Maddox, J., dissenting); Ex parte Dysart, 581 So.2d 545, 546-47 (Ala.1991) (Maddox, J., dissenting); State v. Levinson, 71 Haw. 492, 795 P.2d 845 (1990) (under Hawaii law, defense counsel in wife-murder case may not deliberately pursue a pattern of excluding women from the jury).
The Alabama Supreme Court has repeatedly held that sections 1, 6, and 22 of Article I of the Alabama Constitution of 1901 "combine to guarantee equal protection of the laws." E.g., City of Hueytown v. Jiffy Chek Co., 342 So.2d 761, 762 (Ala.1977); Pickett v. Matthews, 238 Ala. 542, 545, 192 So. 261, 264 (1939). These sections guarantee to women, as well as men, equal protection of the laws. Peddy v. Montgomery, 345 So.2d 631, 633 (Ala.1977); O'Neal v. Robinson, 45 Ala. 526, 532 (1871). It should be noted that, in the Batson context, the Alabama Supreme Court has held that sections 1, 6, and 22 establish an independent state ground for a defendant's right to challenge *1144 the removal of black veniremembers on the basis of racial discrimination. See Ex parte Jackson, 516 So.2d 768, 772 (Ala.1986); Ex parte Branch, 526 So.2d 609, 621 (Ala.1987); Ex parte Bird and Warner, 594 So.2d 676, 686 (Ala.1991) (Adams, J., joined by two other justices).
In an expansion of the Batson principles, the United States Supreme Court made it clear that where a veniremember is struck solely on the basis of race, the veniremember's equal protection rights, as well as the defendant's, are violated. Powers v. Ohio, 499 U.S. 400, 405-11, 111 S.Ct. 1364, 1368-70, 113 L.Ed.2d 411 (1991). It is without dispute that disparity of treatment on the basis of sex can constitute a violation of the equal protection clause. See generally Falkner v. State, 586 So.2d 39, 42-43, 44-45 (Ala. Cr.App.1991) (containing a collection of cases in which the equal protection clause has been applied to variety of situations involving gender disparity). In my opinion, it logically follows that, if a veniremember's equal protection rights are violated where that veniremember is struck solely on the basis of his or her race, the equal protection rights of a veniremember are also violated where that veniremember is struck solely on the basis of his or her sex.
I find additional support for this position in the statutory mandates concerning juries found in Chapter 16 of Title 12 of the Alabama Code of 1975. Article 2A of that chapter is entitled "Qualifications and Selection of Jurors Generally" and contains the following declaration of policy: "It is the policy of this state ... that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose." Ala.Code 1975, § 12-16-55. The next section of Article 2A, § 12-16-56, provides: "A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status." (Emphasis added). Although §§ 12-16-55 and 12-16-56 are within Article 2A instead of Articles 4 and 5, which govern the selection of jurors in particular criminal and civil cases, respectively, the principles embodied in those sections are, in my opinion, also applicable to the process of striking a petit jury. After the decisions in Batson and Powers, it makes no sense to conclude that, while the statutory mandates of §§ 12-16-55 and 12-16-56 prohibit the State from discriminating on the basis of sex in compiling its jury lists, it may thereafter "resort to discrimination [on that basis] at `other stages in the selection process.'" Batson, 476 U.S. at 88, 106 S.Ct. at 1718 (quoting Avery v. Georgia, 345 U.S. 559, 562, 73 S.Ct. 891, 893, 97 L.Ed. 1244 (1953)).
Under the decision of the majority, neither the constitutional guarantee of equal protection (federal or state), nor the statutory command of non-discrimination apply to women. I find that conclusion incredible and legally indefensible. In my opinion, women, as well as blacks, should be accorded the same "honor and privilege of participating in our system of justice." Edmonson v. Leesville Concrete Co., ___ U.S.___,___, 111 S.Ct. 2077, 2082, 114 L.Ed.2d 660 (1991) (holding that the principles of Batson are applicable to private litigants in a civil suit).
MONTIEL, Judge, dissenting.
I dissent from the majority's holding that "Batson does not extend to gender-based strikes."[2] In 1986, the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), held that "[t]he Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race ... or on the false assumption that members of his race as a group are not qualified to serve as jurors." Batson, 476 U.S. at 86, 106 S.Ct. at 1717. Although the Supreme Court has not expressly stated that Batson is applicable to gender-based strikes, I believe that it is the logical extension of Batson in light of the language in Batson and in cases that have followed. This fact was acknowledged by
*1145 Chief Justice Burger in his dissenting opinion in Batson.
In Batson, the Court stated that a "defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." However, the Court further noted that "[t]he harm from discriminatory jury selection inflicted on the defendant and the excluded juror" even extends "to touch the entire community." Batson, 476 U.S. at 87, 106 S.Ct. at 1718 (emphasis added). In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court held that a white defendant may object to the prosecution's use of its peremptory strikes to remove blacks from the jury venire. In that case, the Court's decision was based on the juror's right not to be excluded from jury service for discriminatory reasons, because jury service is "a significant opportunity to participate in civic life." Powers, 499 U.S. at 409, 111 S.Ct. at 1370. "An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race." Powers, 499 U.S. at 409, 111 S.Ct. at 1370. In Edmondson v. Leesville Concrete Co., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), the Supreme Court further expanded Batson and held that it is applicable in civil cases and that neither party in a civil case may use peremptory strikes to remove blacks from the jury solely on the basis of their race.
In each of these cases, the Supreme Court emphasized the rights of the excluded juror. From a reading of these cases, I believe that the Equal Protection Clause is violated by the prosecution's use of its peremptory strikes to strike women solely because of their sex (as was the situation in the case at bar) or on the presumption that woman jurors as a group cannot impartially decide a case. As Chief Justice Burger stated in his dissenting opinion in Batson, "if conventional equal protection principles apply, then presumably defendants could object to exclusions on the basis of not only race, but also sex, ... age, ... religious or political affiliation,... mental capacity, ... number of children, ... living arrangements, ... and employment in a particular industry, ... or profession," Batson, 476 U.S. at 124, 106 S.Ct. at 1737. See also Justice Scalia's dissenting opinion in Powers (application of reasoning of Batson to peremptory strikes based on "sex, religion, age, economic status and any other personal characteristic unrelated to the capacity for responsible jury service" is "arguably within the logic of [Batson]").
I agree with Chief Justice Burger that the result of Batson ultimately will be to abolish peremptory strikes. As stated in Chief Justice Burger's dissenting opinion in Batson:
"Our system permits two types of challenges: challenges for cause and peremptory challenges. Challenges for cause obviously have to be explained; by definition, peremptory challenges do not. `It is called a peremptory challenge, because the prisoner may challenge peremptorily, on his own dislike, without showing of any cause.' H. Joy, On Peremptory Challenge of Jurors 1 (1844) (emphasis added). Analytically, there is no middle ground: A challenge either has to be explained or it does not. It is readily apparent, then, that to permit inquiry into the basis for a peremptory challenge would force `the peremptory challenge [to] collapse into the challenge for cause.' United States v. Clark, 737 F.2d 679, 682 (CA7 1984)."
Batson, 476 U.S. at 127, 106 S.Ct. at 1739. Given the Supreme Court's present extension of Batson and the logical and anticipated extensions, peremptory strikes will become a thing of the past, because parties will have to explain virtually every strike.[3] Although peremptory strikes are not constitutionally mandated, Batson, they are an important and traditional aspect of our legal justice system. Batson restrains the parties from freely exercising strikes to remove persons from the jury for reasons that cannot always be articulated. While I agree with the reasoning of the dissent of Chief Justice Burger in Batson,
*1146 I recognize that this court is bound to follow the decisions of the United States Supreme Court. Therefore, I dissent from the majority's opinion because I believe that the reasoning of Batson logically extends to gender-based discrimination.
NOTES
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[2] Several courts have already determined that Batson is applicable to gender-based discrimination. See United States v. De Gross, 913 F.2d 1417 (9th Cir.1990); State v. Levinson, 71 Haw. 492, 795 P.2d 845 (1990); People v. Irizarry, 165 A.D.2d 715, 560 N.Y.S.2d 279 (1990).
[3] Recently, this court held that "the jury selection standards announced in Batson, Powers, and Edmondson also apply to the defense in a criminal case." Lemley v. State, 599 So.2d 64 (Ala. Crim.App.1992). See also Pilot v. State, 607 So.2d 306 (Ala.Crim.App.1992).